EUGENE CLINGAN AND OLA CLINGAN, RESPONDENTS, v. CARTHAGE ICE AND COLD STORAGE COMPANY, A CORPORATION, AND UNITED STATES FIDELITY & CASUALTY COMPANY, APPELLANTS.*

In the Springfield Court of Appeals. Opinion filed February 17, 1930.
Rehearing denied March 27, 1930.

*Corpus Juris-Cyc References: Workmen's Compensation Acts, —CJ, section 34, p. 40, n. 95; section 114, p. 115, n. 37.

*Edgar Fenton, H. R. Palmer, Clarence Craig* and *George V. Farris* for appellants.

*J. D. Harris* for respondents.

COX, P. J.—Action under the State Workmen's Compensation Act. The State Workmen's Compensation Commission made an award to respondents as partial dependents of James Madison Clingan, their son, who was killed while in the employment of the Carthage Ice & Cold Storage Company. From this award the defendants appealed to the circuit court of Jasper county. That court affirmed the award and defendants then appealed to this court.

The evidence taken before the Commission was all offered by the claimants and shows substantially the following facts: The claimants are husband and wife living in Carthage, Missouri, and had a family of five children. The oldest was nineteen; James, the one that was killed was seventeen. The others were fifteen, ten and eight years of age. They all lived at home as one family. The father drew a salary of $175 per month and all of that and what was contributed by the deceased son was used in the support of the family and both parents testified that it was necessary to use it all for that purpose. The deceased began work for the Ice & Cold Storage Company June 21, 1928, and was killed July 18, 1928. He received a weekly wage of twenty-five dollars and out of that contributed fifteen dollars per week toward the support of the family. Before his employment by the Ice & Cold Storage Company, he worked for a groceryman and contributed seven dollars to ten dollars per week toward the support of the family. He would pay this money to his mother but it all went into the general fund for the support of the family and was not used by her for her individual use. In addition to these payments of money to his mother, he would, at different times, bring home groceries from the store that were used by the family. During one winter he bought all the clothes for a younger brother.

On the above facts the Commission made the allowance and by computation fixed the total at $2999.61 and directed it to be paid to respondents as tenants by the entirety in the sum of $9.998 per week for three hundred weeks less a credit of $150 previously paid for funeral expenses.

The points relied upon by appellant for a reversal are as follows:

(1) Respondents were not dependents. On that question the evidence shows that the entire income from the father's wages and all that this son contributed was used for the support of the family and was necessary for that purpose. Under that evidence the finding of the Commission that these parents were partial dependents was fully justified. [Lumbermen's Reciprocal Association v. Warner,

(2) Even if these parents were partial dependents, the Commission in fixing the amount to be awarded should have deducted the reasonable cost of boarding and keeping the deceased minor employee.

Whether or not the cost of maintaining the deceased minor should be deducted is a question on which the courts seem to be divided. We are cited to a large number of cases from other states by counsel on both sides in this case and we do not find it possible to reconcile them. The question does not appear to have been passed upon in this State, or if so, it has not been brought to our attention. We shall not undertake to review the cases cited. Suffice it to say that our Workmen's Compensation Act makes no provision for such a reduction. It merely provides a basis of computation by which to determine the amount to be paid and since no provision is made for any reduction on account of being relieved of the further support of the deceased minor, it is apparent to us that none was intended. In the case of In re Peters, 65 Ind. App. 174, 116 N. E. 848, the appellate court of Indiana in discussing this question used the following language: ". . . But in view of the fact that the act in question does not purport to provide a method of determining the actual loss sustained by such father and require full compensation for such loss but only assumes to fix an arbitrary amount that shall be paid such father as compensation based on such son's annual earnings and contributions therefrom to such dependent father, it is manifest there is no basis for such contention. There is no provision in the act for any such deduction and no language from which such requirement can be inferred. Hence, we conclude both on reason and authority that the cost of the maintenance of a contributing minor son should not be considered in determining the amount of compensation to which a dependent father is entitled." We agree with what is there said as applied to our act in this State. There are other authorities cited by respondent that follow the same line of reasoning while many cases are cited by appellants that hold otherwise. Our act itself requires that "All the provisions of the Act shall be liberally construed with a view to the public welfare." That means that the intent and purpose of the act shall not be frustrated by interpolating, by construction, provisions which are not written therein that will affect the rights of the parties. We hold that point against appellants.

(3) Under this point it is contended that the evidence shows that all contributions made by the deceased son were paid to his mother and for that reason it was error to make any allowance to the father. The evidence does show that when deceased paid over part of his wages he handed it to his mother but it also shows that the entire amount so contributed went into the common fund to be used and

was used to support the entire family and was evidently so intended by the son when the payments were made by him. The money was used where the son intended it to be used and it is immaterial through what hands it may have passed in accomplishing this purpose. This point can well be construed in connection with the next point relied on, to-wit, that it was error for the Commission to make an award to the father and mother jointly as tenants by the entirety. As already said the contributions made by the deceased son were made to assist in the support of the family as a whole and not personally to any particular member of the family. It would seem to be entirely proper for the Commission, in making the award, to require the compensation to be paid in such a way as to continue the same policy pursued by the deceased son. To do that, the award should go to those persons charged with the continued support of the family. As between members of the family the father is primarily liable for the support of the family but under our statute, section 371, Revised Statutes 1919, the mother is liable also and we see no impropriety in making the award to them jointly as was done in this case. The award might have been made primarily to the father with a provision that upon his death before the payments were all made, the balance should be paid to the mother, as the primary duty to provide for the family would, in case of the death of the father, devolve upon the mother but practically the same result is reached by the award being made to them jointly and it is our conclusion that in a case of this kind where the contribution was made to help in the support of the family, it is entirely proper to make the award as it was made in this case. Further the total amount to be paid was fixed when the award was made and it is of no moment to defendants to whom the payments are to be made. Since those entitled to the award do not complain, the appellants cannot complain. [Milne v. Sanders (Tenn.), 228 S. W. 702.]

The question of whether the amount of the award is excessive or whether the commission used the correct basis in computing the amount of the award is not raised in this case and we do not pass upon that question.

The judgment will be affirmed.

*Bailey* and *Smith, JJ.*, concur.