CHARLES RAY DENNIS, A MINOR, BY SADIE DENNIS, GUARDIAN, DEPENDENT OF CHARLES V. DENNIS, DECEASED EMPLOYEE, RESPONDENT, v. WROUGHT IRON RANGE COMPANY, A CORPORATION, EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, A CORPORATION, INSURER, APPELLANTS.—89 S. W. (2d) 127.

St. Louis Court of Appeals. Opinion filed June 4, 1935.

Appellant's Motion for Rehearing Denied January 21, 1936.

*Jones, Hocker, Gladney & Jones* and *Warren F. Drescher, Jr.* for appellants.

970

*David A. McMullan* and *Francis L. Kane* for respondent.

McCULLEN, J.—This is an appeal by the employer and insurer from a judgment of the Circuit Court of the City of St. Louis af-

firming a final award of the Missouri Workmen's Compensation Commission in favor of the claimant, Charles Ray Dennis, a minor.

It appears from the record that Charles V. Dennis was employed by the Wrought Iron Range Company of St. Louis as a salesman. He was killed on November 30, 1931, in an automobile accident on the highway between Elsworth and Bar Harbor, Maine. He left surviving him a widow, Sadie Dennis, and a nine-year-old son, Charles Ray Dennis, claimant herein.

The only point raised by appellants, employer and insurer, on this appeal is that the circuit court erred as a matter of law in not reversing and setting aside the final award of the commission on the ground that the commission acted without or in excess of its powers, for the reason that the widow of the deceased employee was solely entitled to the death benefit to the complete exclusion of the minor child, and that the commission was without jurisdiction to entertain the claim of the minor son inasmuch as the widow had lost her right to compensation (also referred to herein as death benefit) by her failure to file her claim therefor within six months of the death of the deceased employee as required by Section 3337, Revised Statutes Missouri 1929 (Mo. Stat. Anno., Sec. 3337, p. 8269).

It is not questioned in this court that the accident resulting in the death of Charles V. Dennis arose out of and in the course of his employment, nor is it disputed by appellants herein that both Sadie Dennis, the widow, and Charles Ray Dennis, the minor son, were in fact totally dependent upon the deceased employee for support at the time of his death.

On June 13, 1932, Sadie Dennis, the widow, filed her claim under the compensation law for the benefit provided therein on account of the death of Charles V. Dennis, her deceased husband. The employer and insurer filed a joint answer to this claim alleging, among other things, that the commission was without jurisdiction to hear the same because it had not been filed within six months of the date of the death of the deceased employee.

On September 16, 1932, a claim for the death benefits was filed with the commission by Charles Ray Dennis, the minor son, by Sadie Dennis, his mother as guardian, for the same death benefits which had been claimed by the mother as the widow of the deceased employee. It appears from the record that Sadie Dennis, the mother of the minor, was appointed the minor's guardian by the Probate Court of Hampden County, Massachusetts, on June 8, 1932, and gave bond as such guardian on September 3, 1932.

On October 5, 1932, the employer and insurer filed a joint answer to the minor's claim, in which, after stating that there was then pending before the commission a prior claim filed by the widow which had not been acted upon up to that time, they alleged, among

other things, that the minor had no right to make any claim for the reason that there was a widow in the case.

The record shows that depositions on behalf of the widow on the original claim were taken at Elsworth, Maine, before one of the commissioners of the Industrial Accident Commission of the State of Maine. These depositions contained the testimony of the widow, showing that her husband was living with and supporting her and their minor child, the claimant herein, at the time of his death. The widow's testimony in the depositions showed the amount of expenses incurred for the burial of her deceased husband, and that she had not remarried. The depositions also contained the testimony of other witnesses with respect to the time, place and manner of the death of the deceased and were introduced in evidence on behalf of the widow at a hearing on January 16, 1933, which was held before Albert I. Graf, Referee of the Missouri Workmen's Compensation Commission.

On March 13, 1933, the referee made and filed an award denying compensation to the widow on the ground that "the compensation commission is without jurisdiction over the claim of Sadie Dennis, widow of the deceased, because of not being filed within the time prescribed by Section 3337, R. S. 1929; Higgins v. Heine Boiler Co., 41 S. W. (2d) 565; Wheeler v. Mo. Pac. R. Co., 42 S. W. (2d) 579."

In that award the referee also denied compensation to the minor, whose name had been included with that of his mother, as a dependent of the deceased, in the original application filed by the mother although said application was signed only by the mother. The ground assigned by the referee for denying the claim of the minor was that the commission had no authority to hear the minor's claim for the reason that no guardian had been appointed for him. Neither the widow nor the minor filed an application for a review of the above mentioned award denying compensation.

On April 26, 1933, a hearing was held before Referee Ben L. White, of the Missouri Workmen's Compensation Commission, on the second claim for compensation, that is, the claim filed by the minor, by his mother as guardian, which is the claim involved in this appeal.

On July 28, 1933, a second hearing on the claim of the minor was held before Referee Frank J. Lahey of the Missouri Workmen's Compensation Commission. At the last mentioned hearing all the depositions and evidence introduced at the hearing on the original claim by the widow, and all the evidence introduced at the first hearing on this, the minor's claim, were introduced together with additional testimony on behalf of the employer and insurer.

On September 22, 1933, referee Lahey made an award in favor of the minor claimant in the sum of $14.50 per week for 300 weeks,

plus an additional sum of $150 for burial expenses, or a total award of $4500.

In his "Statement of Facts" accompanying the award, the referee found from the evidence that Charles V. Dennis, while in the employ of the employer, suffered an accident on November 30, 1931, resulting in his death which arose out of and in the course of his employment. The referee also found that the contract between the deceased employee and the employer was made in Missouri. The referee did not mention in his "Findings of Fact" or in his "Statement of Facts" the issue raised by the employer and insurer in their joint answer to the effect that because there was a widow in the case, the minor child did not have any right to make a claim for compensation.

In due time appellants, employer and insurer, filed an application for a review by the full commission, in which, among other points, they raised one to the effect that the right to the death benefit rested solely with the deceased employee's widow to the exclusion of the minor child, and that as the widow's claim had been denied because it had not been filed within the time required by law, therefore any claim filed by the minor son through his guardian had no standing before the commission.

On October 2, 1933, the cause was submitted on review to the full commission, and on November 17, 1933, the full commission made a final award in favor of the minor claimant and against the appellants, affirming the award of September 22, 1933, which had been made by Referee Lahey. The full commission did not mention the point raised by the employer and insurer with respect to the minor's claim being excluded under the law by reason of the fact that there was a widow of the deceased employee living whose claim had been denied.

We need not dwell at any length on the action of the commission in rejecting the claim of the widow on the ground that it was not filed within six months after the death of her husband. It is the established law of this State, under the decisions of our Supreme Court and Courts of Appeals, that the Workmen's Compensation Commission has no jurisdiction of an adult's claim for compensation unless the claim be filed within the six months period named in Section 3337, Revised Statutes Missouri 1929 (Mo. Stat. Anno., Sec. 3337, p. 8269). The portion of the statute with which we are concerned at this point in this case reads:

"No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death. . , ."

It has been held that the filing of a claim for compensation within the time prescribed by the statute goes to the very right itself

and not to the remedy; that it is, therefore, jurisdictional· and ·is a condition precedent to the right to maintain and prosecute a com-·pensation proceeding. The action of the commission on the widow's .claim was clearly correct. [Higgins v. Heine Boiler Co., et al., 328 Mo. 493, 41 S. W. (2d) 565; Wheeler v. Mo. Pac. Ry. Co., 328 Mo. 888, 42 S. W. (2d) 579; Caldwell et al. v. J. A. Kreis & Sons, 227 Mo. App. 127, 50 S. W. (2d) 728; Schrabauer v. Schneider Engraving Product, 224 Mo. App. 304, 25 S. W. (2d) 529.]

Appellants contend here, as they have throughout the proceed-,ings, that the sole and exclusive right to the death benefits provided ·by Section 3319, Revised Statutes Missouri 1929 (Mo. Stat. Anno., ·Section 3319, pp. 8254, 8255, 8256) on account of the death of the deceased employee was in his surviving widow, and that since no award was made to her, no claim could ever accrue to the minor ·child and consequently the compensation commission had no power ·or jurisdiction to entertain the claim of the minor child for the .death benefit.

It is strongly urged by appellants that by the express provisions ·of Section 3319, Revised Statutes Missouri 1929, the surviving widow of a deceased employee alone is entitled to the death benefit provided for, during her lifetime so long as she does not remarry, ·provided, of course, her claim be filed within six months after the death of the deceased, and that it is only upon the death or re-·marriage of the widow that minor children of a deceased employee become entitled to the unpaid balance of such death benefit as may have been awarded to the widow.

It is contended on behalf of the respondent minor that the lan-·guage of that section of the statute shows clearly that it was passed not only to compensate the party injured, but those dependent upon him; that since it is conceded in this case that the minor was dependent upon his father, the deceased. employee, it would be an unjust conclusion to deny compensation· to one of the two dependents in this case, namely the minor, merely because one dependent, namely the widow, who is first in order in the statute, failed to assert her claim in time.

The determination of this controversy, therefore, depends upon the proper construction of Section 3319, Revised Statutes 1929 (Mo. Stat. Anno., Sec. 3319, pp. 8254, 8255, 8256).

In support of their contention, appellants rely mainly upon the case of Holmes v. Mack International Truck Co. et al., 224 Mo. App. 427, 28 S. W. (2d) 446, and the case of Robinson et al. v. Union Electric L. & P. Co. (Mo. App.), 43 S. W. (2d) 912.

In the Holmes case, supra, the Workmen's Compensation Commission made an award in favor of the widow of a deceased em-·ployee until her death or remarriage, with remainder to two minor

children of the deceased employee by a former marriage. The minors appealed to the Kansas City Court of Appeals from a judgment of the circuit court affirming that award. The contention was made on behalf of the minors that the relation of the widow to the minors as step-parent was terminated at their father's death, and that the use of the word "step-parent" in paragraph 2 of subsection (d) Section 3319, Revised Statutes Missouri 1929, was meaningless. The court said:

"We are asked to eliminate the provision concerning a surviving step-parent on the ground there is no such thing."

The Court in that case refused to give any such construction to the statute. It was further claimed for appellant minors in the Holmes case that it would be a manifest injustice to permit a stepmother to take the entire compensation to the exclusion of the dependent minor children of the deceased employee. In answer to this contention, the court said: "We did not pass the statute and take no responsibility for the policy announced in its plain provisions."

Answering the last contention of the appellant minors in the Holmes case that the compensation act provided that if there be "more than one person wholly dependent, the death benefit shall be divided equally among them," and that they were therefore entitled to share in said benefit, the court held that that provision did not operate to repeal the provision that the death benefit shall be payable to the widow of the deceased employee. [Holmes v. Mack International Truck Co., et al., supra.]

It will be seen from the foregoing resume of the Holmes case that the widow of the deceased employee, within the time prescribed by the law, had appropriated the clear right given to her by the statute to make claim for the death benefit, and it was properly awarded to her to the exclusion of the minors. That case, however, most certainly did not decide that where no award of compensation has been made to a widow because of her failure to file her claim in time, the death benefit must, therefore, be lost to a minor child of a deceased employee who was totally dependent upon the employee at the time of his death. No such situation was involved in that case.

In the case of Robinson v. Union Electric L. & P. Co., 43 S. W. (2d) 912, which is also relied upon by appellants herein, separate proceedings before the Workmen's Compensation Commission were brought by the widow of the deceased employee and by two dependent minor children of said employee. In that case the widow of the deceased employee filed her claim for the death benefit within the six months period required by Section 3337, Revised Statutes Missouri 1929, which, of course, presented an entirely different situation from that with which we are confronted in the case at bar.

The question raised in the Robinson case was whether or not the dependent minor children of the deceased employee were entitled to *share jointly and concurrently with his widow* in an award of compensation on account of the death of said employee. This court held in that case that the widow therein was conclusively presumed to have been totally dependent upon the deceased employee for her support for the reason that she was his wife and he was "legally liable for her support," and also properly held that the widow was entitled to the total death benefit provided for in the compensation act to the exclusion of all other dependents, including the minor children of the deceased employee. It is obvious that the Robinson case did not involve any such facts or contention as we are confronted with the case at bar. In the Robinson case the widow appropriated the right to the death benefit by filing her claim in time. In the case at bar the widow failed to file her claim in time. In the Robinson case the minors were seeking to share in a benefit which the widow had the exclusive right to claim, because she had appropriated it by filing her claim within six months of the death of her husband, the employee, in accordance with the requirements of Section 3337, Revised Statutes Missouri 1929. In the case at bar the record shows but two dependents, and one of them, the sole surviving minor, is seeking to have the death benefit awarded to him at a time when there can no longer be a valid claim by the widow and when no other persons have preference over him or priority to him in the order of being entitled to receive the benefit, as that order appears in the statute creating the rights of all dependents.

A careful reading of the cases of Holmes v. International Truck Co., supra, and Robinson v. Union Electric L. & P. Co., supra, leads inescapably to the conclusion that the only thing decided in both cases insofar as the point we are now considering is concerned, was that where a deceased employee leaves surviving him a widow for whose support he was legally liable, and such widow makes a claim in proper time for the death benefits provided for in the compensation act, she is entitled to receive the full amount of the death benefit provided therein until her death or remarriage to the exclusion of all other dependents regardless of their class. We consider such a holding, however, far from meaning that where there is a compensable death of an employee who leaves surviving a widow and she fails to make her claim for the death benefit provided for in the compensation law, with the time provided therein, the compensation is thereby lost to a minor child who was totally dependent upon the deceased employee at the time of his death, and that the employer is thereby completely and entirely relieved of the liability fixed upon him by the compensation law to pay such death benefit.

There is nothing in either of the cases referred to which would warrant us in sustaining appellants' view. Furthermore, we are unable to find anything in Section 3319, Revised Statutes Missouri 1929, or in any other section of the compensation law, which would warrant the conclusion that it was the intention of the Legislature to relieve an employer entirely of his liability to pay to a totally dependent minor child the death benefit provided for in the compensation law merely because such employee's widow fails to avail herself, in the time allowed by law, of the right which the law gives her to appropriate such death benefit to her own exclusive use.

Certain general rules for the construction of statutes have come to be recognized and applied by courts in determining the meaning of legislative enactments. In a case of this character such rules are helpful in the task of endeavoring to reach a just conclusion because they represent the summed up experience of many courts in the consideration of cases involving statutory construction.

In Sutherland on Statutory Construction, Second Edition, Volume 2, Section 363, a cardinal principle of statutory construction is stated thus:

"If a statute is valid it is to have effect according to the purpose and intent of the lawmaker. The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent. The intention of the Legislature in enacting a law is the law itself, and must be enforced when ascertained, although it may not be consistent with the strict letter of the statute. Courts will not follow the letter of a statute when it leads away from the true intent and purpose of the legislature and to conclusions inconsistent with the general purpose of the act. Intent is the spirit which gives life to a legislative enactment. In construing statutes the proper course is to start out and follow the true intent of the legislature and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature." [Sutherland on Statutory Construction (2 Ed.), Vol. 2, Sec. 363.]

In a subsequent section of the same work on statutory construction, the author says:

"In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter. . . . The mere literal construction ought not to prevail if it is opposed to the intention of the Legislature apparent from the statute." [Sutherland on Statutory Construction (2 Ed.), Vol. 2, Sec. 370.]

Having these rules of construction in mind to aid us, we believe that Section 3319, Revised Statutes Missouri 1929, discloses an intention on the part of the Legislature to award compensation in a case

of this character, where a husband dies leaving a widow and a minor child, first to the widow, provided her deceased husband was "legally liable for her support" as provided in paragraph 1, subsection (d), Section 3319, Revised Statutes Missouri 1929. It is clear from the language used in that paragraph, and this court so held in Robinson v. Union Elec. L. & P. Co., supra, that it was the intention that such widow should have the right to receive the full death benefit to the exclusion of all other dependents. That intention is manifested by the following language:

"Provided that on the death or remarriage of a widow, the death benefit shall cease unless there be other dependents entitled to any unpaid remainder of such death benefit under this chapter."

It does not follow, however, that because the Legislature gave to the widow such a right to the exclusion of all other dependents, that her failure to appropriate that right and claim the death benefit within the time allowed by law will cause the compensation to be lost to a totally dependent minor.

Subsection (b) of Section 3319, Revised Statutes Missouri provides as follows:

"The employer shall also pay to the total dependents of the employee a single total death benefit. . . . If there be a total dependent or total dependents as the case may be, no death benefits shall be payable to partial dependents or any other persons except as provided in paragraph (a) of this section."

Paragraph (a) referred to deals with burial expenses.

When the above provision is considered with subsection (d) of Section 3319, the intention of the Legislature to give a totally dependent minor child of a deceased employee an independent right of his own to claim the death benefit becomes clear, although it is made subject to the widow's prior right thereto.

Turning to subsection (d) of Section 3319, we find that the Legislature defined the word dependent to mean

"a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee *in the following order* and any death benefit *shall be payable in the following order,* to-wit." (Emphasis ours.)

Eliminating for the purpose of clarity all words which have no bearing on this case, we find that the persons to whom the death benefit "shall be payable in the following order" are:

"1. A wife upon a husband legally liable for her support. . . ."

"2. A natural . . . child . . . under the age of eighteen years . . . upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent

parent or step parent. . . ." [Section 3319, subsection (d), Revised Statutes Missouri 1929.]

If we keep in mind that the supreme purpose of the compensation law in this connection is to provide a death benefit for those whom the law designates as "dependents," a reasonable construction of subsection (d), paragraphs 1 and 2 of Section 3319, Revised Statutes Missouri 1929, a construction in harmony with such supreme purpose, can lead to but one conclusion. If that purpose of the Legislature is to be effectuated and not actually thwarted, we must necessarily hold that where a surviving widow does not file her claim in the six months period prescribed by Section 3337, Revised Statutes Missouri 1929, then the right of a minor child of a deceased employee, living with such employee at the time of his death, to receive such death benefit changes from what was theretofore a contingent right to a present direct right because he comes next to the surviving widow "in the following order," and subsection (d) of Section 3319 specifically provides that "any death benefit shall be payable" in that order. Furthermore, we agree with the holding of the Kansas City Court of Appeals in a very recent case, which is directly in point on this question, that:

"Where the widow or widower fails to make claim and her or his right to do so becomes barred or exhausted, a situation is created similar to that which would have existed had she or he never survived the deceased. At least, in either event there is no widow or widower in being entitled to take as a dependent." [Allen v. St. Louis & San Francisco Ry. Co. (Mo. App.), 81 S. W. (2d) 447, 451.]

In the case at bar, when the widow's exclusive right to receive the benefit died because her claim was not filed in time, the minor was not thereby precluded from filing his own independent claim for the death benefit, for we find nothing in the language of the statute to show an intention to wipe out a totally dependent minor child's claim in such a situation and thereby relieve the employer of all liability for a compensable death. The words "there being no surviving dependent parent or step parent," which appear in paragraph 2 of subsection (d), Section 3319, Revised Statutes Missouri 1929, must be read in the light of the purpose which the Legislature was seeking to accomplish. When so read, the reasonable view is that the Legislature intended thereby, not to destroy a totally dependent minor's claim, which by that very section it created, but only to make it certain that there would be no overlapping of the minor's claim on that of the widow, and no conflict between the claim of the widow, as the first one entitled thereto, and the claim of such minor as the next "payable" in order of priority.

In the very recent case of Allen v. St. Louis San-Francisco Ry. Co., supra, the Kansas City Court of Appeals had before it a judgment of the circuit court affirming an award of death benefits by way of compensation in favor of five minor claimants. The deceased employee was survived by his widow and said minors.

The compensation commission had denied the widow's claim on the ground that no valid claim had been filed within the time provided by the compensation limitation statute. Sixteen months after the death of the employee, the widow remarried. More than four years after such death, the minors filed with the commission their claim for the death benefit.

It was contended in that case by the employer that where a widow and minor children survive a deceased employee, there is no statutory provision authorizing the filing of a claim for death benefits by or for such minor children. It was also contended by the employer that the right to claim such death benefit vests solely in the widow and that the right of minor children being limited to that portion of the benefit awarded to the widow as may remain upon her death or remarriage, if an award to such widow be not made within six months after the death of the employee, or after the last payment made on account of his death, or if such widow during her life or widowhood collects all such benefits where award has been made within the time limited, no right under the statute ever accrues to the minor children.

The court in that case held against the employer and affirmed the judgment of the circuit court awarding the minors the death benefit. In a careful analysis of the statute, the court there held that the right of any dependent of a deceased employee to the use of the death benefit when such right accrues under the statute is a personal right to be asserted by the dependent and cannot be asserted by some other dependent for him, and that the failure of any dependent to assert his right does not effect another dependent's right. The court also held in that case that the fact that the surviving widow did not file a proper claim for the death benefit within the limitation period and the fact that no part of the benefit was ever paid to her, did not preclude the minor children from asserting their claim to the entire death benefit less the burial expenses which had been paid by the employer. [Allen v. St. Louis San Francisco Ry. Co. (Mo. App.), 81 S. W. (2d) 447.]

In the case at bar the right of the minor to the death benefit was not derived from the widow, his mother, but was derived by virtue of Section 3319, Revised Statutes Missouri 1929, from the deceased employee and was fixed by the minor's status of being said employee's natural child and "totally dependent" upon the employee at the time of the employee's death. [Robinson v. Union Electric

L. & P. Co., supra.] The minor's right, however, was then only a contingent right because there was a widow who had a prior right to claim and receive the benefit to his entire exclusion at that time. The widow had the entire six months period in which to claim and receive the death benefit to the exclusion of all other dependents. Therefore, until the full six months period mentioned in Section 3337, Revised Statutes Missouri 1929, had run against the widow, the minor's contingent right was merely in abeyance. As soon as that period of six months had expired, the minor's contingent right thereby became a matured direct right to the death benefit, and since the record shows his claim was filed within six months after his guardian was appointed, he is entitled to the death benefit. [Kennedy v. Keller, 225 Mo. App. 561, 37 S. W. (2d) 452; Daniels v. General Box Co. (Mo. App.), 66 S. W. (2d) 944.]

The record in this case shows all the elements of a compensable claim as well as a totally dependent minor child of the deceased employee fully qualified to receive the death benefit. It also shows that the death benefit compensation is available because the statute fixes upon the employer the obligation to pay the same. We, therefore, cannot agree with appellants' contention that because the widow for some reason not disclosed by the record failed to file her claim in time, the employer is thereby relieved wholly and completely from the payment of any compensation to any one for the loss incurred by the death of the deceased.

To reach the conclusion urged by appellants would require a very narrow, literal construction of the statute wholly at variance with the purpose of the Workmen's Compensation Law. We are not at liberty so to construe that law. On the contrary, it is our duty under the specific provisions of Section 3374, Revised Statutes Missouri 1929 (Mo. Stat. Anno., Sec. 3374, p. 8293) to give a liberal construction to all of the provisions of the chapter embodying the Workmen's Compensation Law "with a view to the public welfare."

Our courts have held that in construing the compensation law, a doubt as to the right to compensation should be resolved in favor of the employee. We believe the same rule applies to this case. [Pruitt v. Harker, 328 Mo. 1200, 43 S. W. (2d) 769; Betz v. Columbia Telephone Co., 224 Mo. App. 1004, 24 S. W. (2d) 224; Kinyon v. Kinyon (Mo. App.), 71 S. W. (2d) 78.]

No hardship will be visited upon appellants herein by the view which we take of this case because the compensation law has unquestionably fixed upon the employer a definite liability and an obligation to pay to some dependent, according to the facts as they may appear, compensation by way of a death benefit for the deceased employee's death. Therefore, it can be of no moment to appellants to whom it is paid, since the payment thereof will ex-

tinguish the employer's obligation under the law. [Clingan v. Carthage Ice & Cold Storage Co., 223 Mo. App. 1064, 25 S. W. (2d) 1084; Gendron v. Dwight Chapin & Co. (Mo. App.), 37 S. W. (2d) 486.]

We find no reversible error in the record and the judgment of the circuit court affirming the award of the commission in favor of the minor claimant is affirmed. *Hostetter, P. J.,* and *Becker, J.,* concur.