JAMES G. ALLEN, MARION J. ALLEN, VERNICE ALLEN, ELMER L. ALLEN and JOHN L. ALLEN v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.—90 S. W. (2d) 1050.

Division One, January 11, 1936.

*Joseph W. Jamison* and *Mann, Mann & Miller* for appellant.

*Ben G. Clark* for respondents.

398

*Watson, Ess, Groner, Barnett & Whittaker,* amicus curiae.

*Jones, Hocker, Gladney & Jones* and *W. F. Drescher, Jr.,* for Wrought Iron Range Company and The Travelers Insurance Company, *amici curiae.*

COLLET, J.—This case comes to us from the Kansas City Court of Appeals. That court properly decided the case (Allen v. St. L.-San Francisco Ry. Co., 81 S. W. (2d) 447)·but on motion for rehearing one of the judges concluded the opinion was in conflict with decisions of the St. Louis Court of Appeals in the cases of Robinson v. Union Electric Light & Power Company (Mo. App.), 43 S. W. (2d) 912; Caldwell v. J. A. Kries & Sons (Mo. App.), 72 S. W. (2d) 201, and Bomar v. J. A. Kries & Sons (Mo. App.), 72 S. W. (2d) 205. ▉ At his request and pursuant to the direction of Section 6, Article VI of the Amendment of 1884 to the Constitution of Missouri the case was certified and transferred to this court for determination. By that constitutional provision it is our duty to rehear and determine the cause in the same manner as if it came here by ordinary appellate process. This we have done, and, finding our views in complete accord with those expressed by the Court of Appeals, we adopt the opinion of that court which is as follows:

"This is an appeal by the defendant from a judgment of the Circuit Court of Jackson County affirming an award of the death benefit by way of compensation to plaintiffs separately as the minor children of Elmer A. Allen, deceased, aggregating the sum of $5496.

"There is no dispute as to the facts. The case was tried before the commission on an agreed statement of facts.

"Elmer A. Allen, the deceased employee, concededly came to his death on December 14, 1928, within a few hours after and as result of an accident arising out of and in the course of his employment with defendant in its railroad yards at Kansas City, Missouri. The plaintiffs herein are his children.

"He was survived by his widow, Elsie A. Allen, and his six minor children, all of whom, with the exception of Albert E. Allen who reached his majority January 12, 1932, were minors at the time the claim for compensation was filed on July 21, 1933. The age and date of birth of each of the plaintiffs are stated in the agreed statement of facts. Albert E. Allen was not permitted to participate in the award for the reason that, since arriving at the age of twenty-one years, his right so to do had been barred by the Statute of Limitations.

"Shortly after the death of the employee, the widow, as administratrix of his estate, filed a suit under the Federal Employers' Liability Act of Congress (45 U. S. C. A., sec. 51 et seq.) to recover damages on account of his death. In this suit, she recovered a judgment of $25,000, which judgment was subsequently reversed by the

Supreme Court of Missouri, that court holding that the deceased employee was not, when fatally injured, engaged in interstate transportation. [331 Mo. 461, 53 S. W. (2d) 884.]

"After the judgment in that suit was rendered in the circuit court and within six months after the death of the employee, the widow, Elsie A. Allen, filed with the commission what she termed a 'Claim to Prevent Compensation Limitations and to Preserve Compensation Rights If Claimant Is Found to Be Under the Act.' This purported claim was allowed to lie dormant with the commission until after the reversal of the judgment by the Supreme Court in the year 1933. Then she sought to press her alleged claim for compensation; and, after a hearing thereon, the commission entered its award denying compensation on the ground that 'no valid claim for compensation for the death of Elmer A. Allen was filed with the commission within the time provided in Section 3337, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3337, p. 8269), and this commission is without jurisdiction to pass upon this claim for compensation,' which award was affirmed on final hearing before the commission on August 29, 1933; and such final award denying compensation was subsequently affirmed by the Circuit Court of Jackson County, Missouri. No award of compensation appears to have been made to any person on account of the death of said deceased employee, except that, on January 11, 1929, the employer, appellant herein, under the direction of the statute paid the funeral bill of such employee in the sum of $150.

"On April 4, 1930, approximately sixteen months after the death of the employee, the widow, Elsie A. Allen, married one Albert Drake.

"On July 21, 1933, more than four years and seven months after the death of the employee, the plaintiffs filed this claim for the death benefit, by way of compensation, with the commission on account of the death of their parent, the said deceased employee. No guardian has ever been appointed for any of these plaintiffs, each of whom is a minor.

"The claim in question is the first and only one for the award of the death benefit by way of compensation filed with the commission on account of the death of such employee.

## "Opinion.

"1. The defendant upon this appeal challenges the judgment of the trial court affirming the award of the Workmen's Compensation Commission in awarding the death benefit by way of compensation to plaintiffs, asserting that, where a widow and minor children survive a deceased employee, as in this case, there is no statutory provision authorizing the filing of a claim for the death benefit by or for such minor children for an award of such benefit to them; that the right to claim the death benefit is vested solely in the widow;

that the right of the minor children is, by the statute, limited to that portion of the benefit awarded to the widow as may remain upon her death or remarriage; that, if an award to such widow of such benefit be not made within six months after the death of her husband, the employee, or after the last payment made on account of his death or if such widow during her life or widowhood collects all of such benefit where award has been made within the time limited, no right under the statute ever accrues to said children; and that whatever right the children may have is a mere conditional one of succession or a mere right as to a contingent remainder.

"It further contends that, if it is to be held that by our statute the right was vested in said children at any time to claim the death benefit or to be entitled thereto, such claim was required to be filed within six months after the death of the father, the deceased employee, or within six months after the last payment made on account of his death; that, in this case, no award having been made to the widow and the plaintiffs' claim not having been filed for over four years after such death or the last payment made thereon on account of such death, it is barred by the Statute of Limitations; and, not only so, but that the power to exercise such right is conditional upon its exercise within the time limited in the statute and, not having been so exercised within such time, no longer exists.

"2. The plaintiffs claim to the contrary and claim further that, although their right to demand and receive payment of said benefit to them was subject to the right of the widow to demand and receive the installments falling due thereon during her life or widowhood to their exclusion even though the total benefit is thereby exhausted or appropriated by said widow, yet their right in and to said benefit and to claim any portion or the whole thereof remaining upon the death or remarriage of said widow was fixed and vested in them by the statute upon the death of their father; that, immediately upon his death, the right to make claim to said benefit to be enjoyed by them in the order fixed by the statute accrued to them; that the right to make claim to such benefit or to have it determined did not vest alone in the widow; that, being minors under disability and without a guardian or curator ever having been appointed for them, their right to assert such claim is unaffected by the Statute of Limitations and has not been barred thereby and neither has the power to exercise such right lapsed; that such right is unaffected by the neglect or failure of the widow to assert a claim for such benefit to have it determined or to procure an award thereof within the period of the Statute of Limitations or otherwise; that such right is not derived from or through the widow, as by inheritance from her or otherwise, nor is it made dependent upon an award thereof to her or an assertion by her of a right thereto or a determination of the amount thereof to her; that such right is wholly independent of the

widow or any right in her, other than it is subject to her right in order of payment and collection.

"3. With respect to the contentions of the parties made, as above generally expressed, it is obvious that their correct determination depends upon the provisions of the Workmen's Compensation Act (Mo. Stat. Ann., sec. 3299 et seq., p. 8229 et seq.) as they relate to the issues raised thereby. Where one asserts a right under such act, he must find his justification therefor in the provisions of such act, based upon the language used (DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640); and provisions not therein found plainly written or necessarily implied from what is written will not be imparted or interpolated therein in order that the existence of such right may be made to appear when otherwise, upon the face of said act, it would not appear. [Clingan v. Carthage Ice & Cold Storage Co., 223 Mo. App. 1064, 25 S. W. (2d) 1084; Grier v. Kansas City, C. C. & St. J. Railroad Co., 286 Mo. 523, 1. c. 534, 228 S. W. 454; Clark v. Kansas City, St. L. & C. Railroad Co., 219 Mo. 524, 1. c. 534, 118 S. W. 40.]

"4. Nevertheless, such act and its various provisions should be liberally construed in accordance with their intent and purpose and to effectuate such intent and purpose if it may be done without the violation of established rules of law. [Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S. W. (2d) 130; Pruitt v. Harker, 328 Mo. 1200, 43 S. W. (2d) 769.]

"5. An examination of the act reveals that, by its terms, it created a liability upon the part of the employer in instances where the death of an employee is caused by an injury accidentally received by such employee in the course of his employment, for a total death benefit to be ascertained and fixed by the commission in the manner and upon the basis in said act set out, such total death benefit to be payable by said employer in installments to the persons who are the total dependents of said employee (within the meaning of such term as used in said act and as such term is defined and applied therein), and in the order in which such dependents, when ascertained, are classified and in which such benefit is made available to them. By its terms, such act declares that the word 'dependent,' as used, shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support in whole or in part upon his wages at the time of his injury and declare the classes of persons who are to be, when ascertained, conclusively presumed to be totally dependent and the order in which they are to be so presumed and the order in which the death benefit is to be made available and payable to them. Dependents are those totally dependent and those partially so. Partial dependents become entitled only in the event there are no total dependents.

"Such persons as may be conclusively presumed to be totally de-

pendent, as provided in the statute, are further subdivided in two classes, in the first of which classes is included only the wife or the husband of the deceased employee legally dependent upon such employee for support, if surviving, and in the second of which is included only the minor children of such employee living with him at his death. In accordance with such classification, it is provided that the total benefit projected by the statute shall be payable to the surviving widow or widower until death or remarriage of such widow or widower and that, upon such death or remarriage, such benefit shall cease unless there be other dependents in existence entitled to receive payment of the unpaid remainder thereof. From the provisions referred to and from other provisions of the act, it appears that the other dependents to which reference is made as being entitled to receive payment of the unpaid balance, if any, upon the death or remarriage of the widow or widower, next in order of right, if in existence, are the persons comprising the second class of total dependents referred to above, or the minor children.

''6. Another contingency provided against by the statute is that, in the event there be no dependent wife or husband surviving the deceased employee as widow or widower, the benefit shall be paid to the persons comprising the second class of total dependents, the minor children of the deceased employee, if any.

''7. It will be noticed that the right of the widow or the widower under the statute arises, without more, upon her or his survival as such, upon the death of the employee, to the appropriation of such benefit until death or until remarriage unless such benefit be sooner exhausted by her or him, and that such use is to the exclusion of all other dependents.

''8. It will be further noticed that the rights of the minor children may arise under two different conditions. In those cases where there is no surviving dependent widow or widower, their exclusive right to the benefit and to the collection of the installments thereof at once arises. In other cases where there is a dependent widow or widower surviving, their right arises in and to that portion of the benefit remaining uncollected by such widow or widower at the time of the remarriage or death of such. Both of such rights, it is true, may be said to be contingent, the one upon the fact that there be no surviving dependent widow or widower at the time of the death of the employee and the other upon the fact of the death or the remarriage of said widow or widower without all of such benefit having been collected by her or him at such time. Neither of such rights, however, is derived through such widow or widower. The minor children do not take as heirs of the widow or the widower or as dependents of such; they take as dependents of their parent, the deceased employee. Such right as thus exists in them is fixed and vested under the statute at the time of death of the parent, the

deceased employee. [Robinson v. Union Electric Light & Power Co. (Mo. App.), 43 S. W. (2d) 912.] In neither case do they succeed to the right of the widow or the widower, but they become entitled to the enjoyment of such benefit in their own right under the statute. Such right is bottomed upon the express provisions of the statute and is not derived other than as it may be from the deceased employee.

"The benefit is projected by the statute, and the liability of the employer for the payment of the same is likewise the creation of the statute. Such benefit is for the use of all total dependents, according to their respective rights to such use and to the appropriation thereof, as such rights may arise and accrue in the order fixed by the statute, with the primary right, however, in the dependent surviving widow or widower, if any. [Robinson v. Union Electric Light & Power Co., supra.] The benefit itself is one thing, and the right to the use and appropriation thereof is another. The liability of the employer for the payment of the benefit is to each and all of the dependents who may become entitled to the use and appropriation of such benefit, in the order in which their rights are fixed under the statute, prior to its eventual exhaustion. [Robinson v. Union Electric Light & Power Co., supra.] The right of any dependent to the use of such benefit, when such right accrues to such dependent in the order fixed by the statute, is a personal right to be asserted by such dependent and cannot be asserted by some other dependent for him. At least, there is nothing in the statute authorizing one to assert such right for another. Neither can it be said that, where one dependent fails to assert his right, the right of any other dependent is thereby affected. The statute does not so direct that it shall be.

"9. Neither the existence of such benefit nor the liability of the employer therefor is made, in the first instance, to rest upon any action or lack of action on the part of the dependents or any one of them. It is only the assertion of the claim of right thereto that may be affected by nonaction upon the part of the dependents.

"While it is true that the surviving dependent widow or widower is primarily entitled to claim the benefit as one entitled to the exclusive payment thereof, if claim therefor be made by her or him, yet the minor children likewise have the right, as total dependents, to assert their claim—even though it may be of a contingent nature—as being entitled to such benefit upon the happening of the contingency therefor. [Bomar v. J. A. Kries & Sons (Mo. App.), 72 S. W. (2d) 205.] The dependent widow or widower cannot assert such claim for them. She or he may assert her or her own claim but not that of such children.

"10. The evident scheme of the statute is to give the use of such benefit to the dependents who are the minor children of the deceased employee under all conditions where the same has not been consumed

by a dependent widow or widower or where there is no dependent widow or widower in existence entitled to such use; the provisions of the statute are so framed as to give to the said minor children such benefit where there is no dependent wife or husband surviving as widow or widower and, not only so, but to give to them, even though there be a wife or husband surviving as widow or widower if such widow or widower die or remarry, all of such benefit as has not been used and appropriated by such widow or widower to the time of such death or remarriage. In other words, the entire benefit is intended for the use of the widow or widower and the minor children—to the widow or widower first in the order of her or his right of appropriation and to the minor children second in the order of their right of appropriation—and the provisions of the statute are designed to accomplish such a result. It is intended that such minor children shall have the right to all of such benefit not appropriated by the widow or widower, whether such right arises in the first instance by reason of there being no dependent widow or widower surviving or in the second instance from the fact that the right of the widow or widower has become terminated by death or remarriage or, as we apprehend, from any other cause. Where the widow or widower fails to make claim and her or his right to do so becomes barred or exhausted, a situation is created, similar to that which would have existed had she or he never survived the deceased. At least, in either event, there is no widow or widower in being entitled to take as a dependent.

"11. The right of plaintiffs is not restricted to or conditioned upon the making of an award to the widow unless, in the assertion of their claim, they base or condition it upon such award. Where they make an independent claim, they are not so restricted.

"In the case of Bomar v. J. A. Kries & Sons, supra, the plaintiff asserted an independent right; and his claim thereto was held barred by reason of its not having been filed within the time limited by the statute. He thereupon filed a motion to be allowed to intervene in the claim of the widow, which had been filed within the time limited therefor. It was held that he might be permitted so to intervene and at her death or remarriage take any balance remaining unpaid upon the award, if any, made to the widow and that his right in such regard depended upon whether an award was made to the widow, it having been based by Bomar thereon. The same situation does not exist here. That case has no application. Likewise, what is said in Caldwell v. J. A. Kries & Sons (Mo. App.), 72 S. W. (2d) 201, with reference to the right of plaintiff to intervene in the Bomar case and his restricted right of recovery, has no application to the facts or situation involved in this case.

"12. Applying the law as found and expressed to the facts of this particular case, we find that the widow became entitled to receive payment of the death benefit upon the death of her husband; and

thereupon such benefit was required, had she applied therefor, to be paid to her to the exclusion of plaintiffs so long as she lived and remained such widow, unless sooner paid to her in full. That she did not assert such right, as far as the same now concerns the plaintiffs' rights, is immaterial. Their right was not affected by her failure so to do. Her right alone was defeated thereby. Neither is it material to the right of the plaintiffs that the amount of the benefit was never caused to be determined by the widow during her widowhood or that no part of the benefit was ever paid her or that she never made any claim therefor or that, by reason of her failure to make such claim within the time limited by Section 3337, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3337, p. 8269), such right was barred or that, by reason thereof, she became powerless to exercise such right.

█ "13. While the plaintiffs may have had no right to assert a claim for the payment of such benefit to them in whole or in part, prior to the remarriage of the widow, they, nevertheless, upon her marriage, had the right, which under the statute had become fixed and vested in them upon the death of the deceased employee, their father, to assert such claim for the payment thereafter to them of all the same which remained unpaid to her at the time of her remarriage, other than the amount thereof which appears to have been paid by the employer for the burial expenses of the deceased employee, although such balance embraces the whole of such benefit from the death of the employee less the burial expenses paid; and, if the amount of such total benefit had never been determined, they likewise had the right to have it determined. To hold otherwise would be to hold contrary to the evident purpose sought to be accomplished by the statute and to render it ineffectual. We are required to give such a construction, though liberal it may be, as thereby the evident purpose of the statute may be effectuated, where it can be given without the violation of fixed rules or principles of law. [Elsas v. Montgomery Elevator Co., supra; Pruitt v. Harker, supra.] We find no fixed rules or principles of law preventing such construction of this case; but such construction as given, upon the other hand, follows naturally from the written provisions of the statute.

█ "14. As hereinbefore indicated, we cannot agree that the widow is vested with the sole right under the statute to maintain an action for the death benefit or to have the amount thereof determined. Any dependent, in the assertion of his claim, has the right to have it determined in order to arrive at the amount of his claim. In fact, he would be so required. The amount of such benefit, being required to be determined upon a certain basis and in a certain manner provided by the statute, may be said to be fixed and therefore necessarily appears the same in all cases. The widow is, as a matter of course, to be considered as vested with such sole right as far as her own personal claim is concerned; but that she is

vested with such sole right, so far as the plaintiffs' right is concerned, or that she is required to maintain an action to have such benefit determined for the protection of plaintiffs' right, finds no warrant in the statute. The claim of the plaintiffs is independent of her claim throughout, except that it may have been diminished by the amount paid on said benefit, had anything been paid her. From the language of the statute (Mo. Stat. Ann., sec. 3319, p. 8254), providing for the benefit—'The employer shall also pay to the total dependents of the employee a single total death benefit'—it would seem that the rights of all dependents are embraced in such single total death benefit, and that it is for the use of each dependent, as such use is provided for and arises under the provisions of the act, and that the rights of the various dependents therein as a whole nowhere appear committed to the care and keeping of any one of such dependents. It is left for each dependent to assert his own right therein. Again, by Section 3334, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3334, p. 8268), relating to the duty of the Workmen's Compensation Commission upon receipt of a notice of an accident, it appears that the commission is required to forward to the employee or his dependents, among others, for execution, a certain agreement for settlement. Such statute does not single out any one of such dependents, where the dependents are the persons in interest, to receive such notice and to execute such agreement for all of them; but each dependent is required to be notified and to execute such agreement, and, in the event a controversy arises in which the employer disputes the claim for compensation, the commission is required to assist the person asserting the claim to be entitled thereto in filing his claim and securing its adjudication. This language is broad enough to cover every claimant, whether his claim be direct or contingent, and presupposes that the claim being made and filed is the personal claim of the one making it and not a claim for some other person or one upon which the claim of another person would be made in any way to rest.

"15. From what has been said, it follows that the contention of the defendant with respect to the application of the bar of the Statute of Limitations provided by Section 3337, supra, to the plaintiffs herein through the default of the widow in failing to file a claim for compensation and for the determination of the amount of the death benefit is not well made. The theory of defendant in this respect to such running of the statute against the widow and, through her, against the plaintiffs has no application to the facts of this case; and neither do the numerous authorities cited by the defendant in its brief in such regard have any application. The plaintiffs do not derive their right through the widow, nor is such right dependent on the widow's right. Neither have they succeeded to the widow's right.

"16. Neither can defendant's further contention with respect to

the bar of plaintiffs' claim by the Statute of Limitations, provided in Section 3337, by reason of such claim's not having been filed by plaintiffs with the commission within six months after the death of the deceased employee or within six months after the payment of the burial expenses of such employee by the employer be maintained.

"17. It is shown by the record that the plaintiffs were minors and that no guardian or curator has ever been appointed for them. Until such guardian or curator be appointed for them, the Statute of Limitations does not begin to run against them. [Sec. 3337, supra; Daniels v. General Box Co. (Mo. App.), 66 S. W. (2d) 944; Kennedy v. Keller, 225 Mo. App. 561, 37 S. W. (2d) 452; Matlock v. A. Leschen & Sons Rope Co. (Mo. App.), 43 S. W. (2d) 871.] This is true whether the provisions of Section 3337, supra, are to be regarded as a mere limitation as to the time within which the claim was required to be made or whether as a limitation upon the power to exercise the right of making a claim. In either case, the statute with reference to the time limited is tolled with respect to infants without a guardian or curator, they being under legal disability until a guardian or curator be appointed for them or until such infants become of age.

"18. There is no question raised as to the right of plaintiffs, being minors, to maintain this action in their own right without a guardian or curator; and therefore no such question is submitted for our consideration or our opinion.

"19. It follows that the contentions of defendant with respect to the right of plaintiffs to maintain this action are denied and that none of the errors assigned and points made with reference to the action of the trial court in its judgment affirming the award of the death benefit by way of compensation to the plaintiffs by the Workmen's Compensation Commission is well taken. We have disposed of all contentions made by defendant upon this appeal. We find no error in the proceedings below or in the judgment of the circuit court.

"The judgment of the circuit court should be affirmed. It is so ordered."

On careful analysis we find no conflict between the cases of Robinson v. Union Electric Light & Power Company, Caldwell v. J. A. Kries & Sons, and Bomar v. J. A. Kries & Sons, supra, and what is said above. The question of the exclusive right of the surviving spouse to have the death benefit reduced to a formal allowance and to make claim therefor was not before the court in either case. That question is one of first impression in this State.

The judgment of the circuit court is affirmed. All concur.