**Pauline MASON, Guardian of the Person and Estate of Gerald Wells, an Incompetent Person, Appellee,**

v.

**FORD MOTOR COMPANY, Appellant.**

**No. 84–1596.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1984.

Decided Feb. 12, 1985.

Francis J. Siebert, Scott City, Mo., for appellee. See attached for additional information.

Shepherd, Sandberg & Phoenix, A Professional Corp., Steven P. Sanders, Daniel E. Meuleman, St. Louis, Mo., for appellant.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

 Missouri law tolls the statute of limitations in actions brought by mental incompetents for the duration of their disability. The district court[1] properly held

---

1. The Honorable H. Kenneth Wangelin, Senior United States District Judge for the Eastern Dis-

that the tolling provision applies to lawsuits commenced by the guardians of incompetents. Thus, we affirm its denial of Ford's motion to dismiss.

Gerald Wells, age 19, was driving his Ford Mustang on November 20, 1974. It is alleged that a defect in a ball joint caused him to lose control, resulting in a one-car collision that rendered him mentally incompetent. On January 5, 1977, Wells was judged legally incompetent and a guardian was appointed for him. Pauline Mason was appointed successor-guardian on February 2, 1983. Five months later, she filed this diversity action against Ford, claiming that the defective ball joint caused the collision and Wells's injuries. Ford moved for dismissal on the grounds that the action was barred by the statute of limitations and the district court denied the motion. The case was certified under 28 U.S.C. § 1292(b) (1982) and we permitted the appeal.

Mason filed this action more than nine years after the accident. Ordinarily, such a claim would be barred by the five-year statute of limitations on personal-injury actions. *See* Mo.Rev.Stat. § 516.120 (1982). Missouri law provides, however, that if a person is mentally incapacitated when his cause of action accrues, the statute of limitations is tolled until the disability is removed. *Id.* § 516.170 (Supp.1983).[2] The

district court found that this tolling provision extends to actions brought by guardians of mentally incapacitated persons. On appeal, Ford argues that section 516.170 applies only when a suit is filed by the ward and not when the guardian sues.

 Ford is arguing for a triumph of form over substance. Mason is not suing on her claim but to vindicate her ward's rights. Thus, the guardian's claim should enjoy the legal protections afforded the incompetent. *Cf.* Fed.R.Civ.P. 17(c) (an incompetent may bring suit through a representative acting on his behalf). The general rule is that appointment of a guardian does not cause the statute of limitations to run against the ward. *Pardy v. United States*, 548 F.Supp. 682, 684 (S.D.Ill.1982).[3] Missouri courts would likely follow this rule.[4] *See Sontag v. Stix*, 191 S.W.2d 988, 993 (Mo.Ct.App.1946); *see also Zini v. First National Bank*, 228 Ark. 325, 328, 307 S.W.2d 874, 877 (1957).

 Ford is correct in asserting that statutes of limitations further important interests and prevent the prosecution of stale claims. The Missouri legislature has decided, however, that these concerns must give way to the special needs of incompetents suing on their own behalf. Extending this protection to the guardians of incompetents is an equally compelling need.

---

trict of Missouri.

2. Section 516.170 states:
 Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or mentally incapacitated, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

3. Ford relies on 51 Am.Jur.2d *Limitation of Actions* § 189, at 757 (1970), which provides that where authority is conferred upon a guardian to take possession of the ward's estate and bring all related actions necessary, the statute of limitations runs against the ward's right to sue. This principle does not apply here because guardians in Missouri lack such statutory au-

thority. *Compare* Mo.Rev.Stat. § 475.120.3 (Supp.1983) (duties of a guardian) *with id.* § 475.130 (duties of a conservator).

4. Ford cites *Allen v. St. Louis-San Francisco Ry.*, 338 Mo. 395, 408, 90 S.W.2d 1050, 1056 (1935), for the proposition that tolling provisions lose effect when guardians are appointed. Ford neglects to mention that *Allen* was decided under a special provision of the workers' compensation law, which provided that "appointment of a guardian shall be deemed the termination of legal disability from minority or insanity." Mo. Rev.Stat. § 3337, at 8269 (1929). Obviously, this statute does not govern Mason's claim. If applicable, *Allen* and section 3337 undercut Ford's position. That the legislature declined to put similar language in section 516.170 may imply that appointment of a guardian generally does not affect tolling with respect to an incompetent's claim.

In addition, the dismissal of Mason's complaint would be a wasted gesture. Ford does not argue that Wells would be precluded from refiling this action on his own behalf. *See Williams v. Pyles*, 363 S.W.2d 675, 678 (Mo.1963) (incompetents have capacity to sue). Well's suit would fall within section 516.170's tolling provision. The result would be identical to the case at bar except that Wells's name would head the complaint. Finally, the absence of state precedent controlling this case means that we accord substantial deference to the district court's interpretation. *See Kansas State Bank v. Citizens Bank*, 737 F.2d 1490, 1496 (8th Cir.1984). We affirm the judgment of the district court.