The Honorable Chuck Wooten Representative, District 137 State Capitol Building, Room 200B-C Jefferson City, Missouri 65101
Dear Representative Wooten:
This opinion is in response to your questions asking:
 1. Do the provisions of Section 105.483(8) apply to administrative boards of constitutional charter cities such as Springfield, Missouri where such boards administer the affairs of municipal utilities and have authority to make contracts and enact rules?
 2. Does the city council have authority to exempt such boards from reporting requirements by virtue of the provision of subsection 7 of the same statute?
A letter accompanying your questions explains that the Springfield City Utilities' Board of Directors consists of members appointed by the city council. Directors serve three-year terms and are not compensated for their service. The board's duties consist of responsibility for the management and control of the electric, gas, water and transit utilities owned by the city, including authority to enter into contracts and to adopt rules governing the utilities.
Section 105.483(8), RSMo, as enacted by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1650 and 1565, 85th General Assembly, Second Regular Session (1990) (hereinafter "House Bills Nos. 1650 and 1565"), provides:
 105.483. Each of the following persons shall be required to file a financial statement:
* * *
 (8) Any officer or employee of any political subdivision who has the authority to authorize or enter into any contract on behalf of the political subdivision or who is empowered to adopt a rule or regulation for the political subdivision, or who participates in or votes on the adoption of any such rule or regulation, other than rules and regulations governing the internal affairs of the political subdivision; except that this subdivision shall not apply to such political subdivisions which have an annual general operating receipts of less than twenty million dollars.
Section 105.483 does not define "political subdivision" or "officer." Section 105.145(2), RSMo 1986, defines a "political subdivision" as "any agency or unit of this state, except counties and school districts, which now is, or hereafter shall be, authorized to levy taxes or empowered to cause taxes to be levied." It would appear, initially, that this definition, set out in the same chapter as Section 105.483 would apply. "When the legislature enacts a statute referring to terms which have had other judicial or legislative meaning attached to them, the legislature is presumed to have acted with knowledge of that judicial or legislative action." Citizens Electric Corporationv. Director of Department of Revenue, 766 S.W.2d 450, 452 (Mo. banc 1989). However, the definition contained in Section105.145, RSMo 1986, exempts school districts. Section 105.483
specifically refers to the applicability of this section to school districts by creating an exemption for particular districts with an annual operating budget of less than twenty million dollars. Section 105.483(2) and (7). "[I]t is presumed that the legislature does not enact meaningless provisions."Bartley v. Special School District of St. Louis County,649 S.W.2d 864, 867 (Mo. banc 1983). Therefore, the legislature could not have intended to define "political subdivision" in the context of Section 105.483(8) using the definition set out in Section 105.145, RSMo 1986.
Article X, Section 15 of the Missouri Constitution defines political subdivisions "to include townships, cities, towns, villages, school, road, drainage, sewer and levee districts and any other public subdivision, public corporation or public quasi-corporation having the power to tax." This definition is more compatible with the intent of the legislature in enacting Section 105.483. However, under either definition, the City of Springfield is a political subdivision. See also Missouri Attorney General Opinion Letter No. 174-90 at page 17.
Section 105.483 does not define "officer." Courts have recognized:
 It is not possible to define the words "public office or public officer." The cases are determined from the particular facts, including a consideration of the intention and subject-matter of the enactment of the statute or the adoption of the constitutional provision.
State ex rel. Scobee v. Meriwether, 200 S.W.2d 340, 341 (Mo. banc 1947), quoting State ex inf. McKittrick v. Bode,342 Mo. 162, 113 S.W.2d 805, 806 (1938). In determining whether one is a public officer, a delegation of some part of sovereign power is an important factor. Kirby v. Nolte, 349 Mo. 1015,164 S.W.2d 1, 8 (Mo. banc 1942). Based upon the duties and authorities of the members of the Springfield City Utilities' Board of Directors, we conclude they are officers of the political subdivision, the City of Springfield. See also
Missouri Attorney General Opinion Letter No. 174-90 at page 23. We further understand that the City of Springfield has annual general operating receipts in excess of twenty million dollars, so the exemption contained in Section 105.483(8) does not apply.
We note that Article VI, Section 22 of the Missouri Constitution provides in part: "No law shall be enacted creating or fixing the powers, duties or compensation of any municipal office or employment, for any city framing or adopting its own charter under this or any previous constitution. . . ." Nevertheless, "a constitutional charter city is not free from all state regulation." Cohen v. Poelker, 520 S.W.2d 50, 53-54
(Mo. banc 1975). In Cohen, the Court concluded that Missouri's Sunshine Law established a policy of general interest and importance and was applicable statewide at all levels of government. Id., at 54. The same is true of the provisions of Section 105.483.
Therefore, in answer to your first question, we conclude that the provisions of Section 105.483(8) apply to administrative boards of constitutional charter cities such as Springfield, Missouri, when such boards administer the affairs of municipal utilities and have authority to make contracts and enact rules.
Your second question refers to Section 105.483(7). Section105.483(7) provides for designation of persons required to file financial interest statements pursuant to Section 105.483(7). You inquire whether persons subject to filing under Section105.483(8) can likewise be designated by the city council.
Section 105.483(7), RSMo, as enacted by House Bills Nos. 1650 and 1565, provides:
 105.483. Each of the following persons shall be required to file a financial interest statement:
* * *
 (7) Any officer or employee of any political subdivision who has the direct administrative and operating authority, to approve, disapprove or make binding decisions for the political subdivision including decisions for the political subdivision including decisions relating to the issuing of licenses and permits. Each governing body of a political subdivision or special district shall designate those officers or employees who are required to report pursuant to this subdivision;
except that this subdivision shall not apply to such political subdivisions which have an annual general operating receipts of less than ten million dollars, or to school districts with an annual operating budget of less than twenty million dollars. [Emphasis added.]
The underscored phrase expressly states that the governing body of a political subdivision is required to designate the officers or employees who must file a report pursuant to subsection 7. "[W]ords used in statutes are to be considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers." Bartley v. Special School Districtof St. Louis County, supra, 649 S.W.2d at 867. See also
Missouri Attorney General Opinion Letter No. 174-90 at page 13.
When a statute "directs the performance of certain things by specified means or in a particular manner, or by a particular person or class of persons, it implies that it shall not be done otherwise or by a different person or class of persons."Parvey v. Humane Society of Missouri, 343 S.W.2d 678, 681
(Mo.App. 1961). Where the power of the governing body of a political subdivision to designate who must file a financial interest statement is clearly limited to officers and employees set out in subsection 7, such power cannot be extended to the officers and employees set out in subsection 8. "Provisions not found plainly written or necessarily implied from what is written `will not be imparted or interpolated therein in order that the existence of [a] right may be made to appear when otherwise, upon the face of [the statutes], it would not appear." St. Louis County Library District v. Hopkins,375 S.W.2d 71, 75 (Mo. 1964), quoting Allen v. St. Louis-SanFrancisco Ry. Co., 338 Mo. 395, 402, 90 S.W.2d 1050, 1053
(1935). Therefore, we conclude the city council does not have authority to designate persons subject to reporting requirements under Section 105.483(8) by virtue of the provisions of Section105.483(7).
CONCLUSION
It is the opinion of this office that: (1) the provisions of Section 105.483(8), RSMo, as enacted by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 1650 and 1565, 85th General Assembly, Second Regular Session (1990), apply to administrative boards of constitutional charter cities such as Springfield, Missouri, when such boards administer the affairs of municipal utilities and have authority to make contracts and enact rules; (2) a city council does not have authority to designate persons subject to reporting requirements under Section 105.483(8) by virtue of the provisions of Section 105.483(7).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General