Ronie Pruitt v. Helen V. Harker, Appellant.—43 S. W. (2d) 769.

Division One, November 20, 1931.

4. ———: **Employee: Minor Son of Subcontractor.** A son of the independent contractor, at the time of his injury sixteen years of age, working for his father as a minor child, without compensation, and under no contract of employment, express or implied, but doing the work of an adult, for which his father was paying others $2 per day, was, within the meaning of the Workmen's Compensation Act (Sec. 3308 (a), R. S. 1929), an employee; and the principal contractor, who knew, at the time she contracted with the father to operate a sawmill on her land, that the son would make a hand at the work of cutting and sawing lumber, is liable, under said act, for the son's compensation for his accidental injuries received while he was engaged in such work.

*Leahy, Saunders & Walther, Harold F. Hecker* and *Lyon Anderson* for appellant.

1202

*Edgar & Banta* for respondent.

STURGIS, C.—This action was instituted by the plaintiff (respondent) filing his claim for compensation for injuries received before the Workmen's Compensation Commission of this State to recover for injuries sustained while working at a sawmill located on defendant's premises. There is no question as to plaintiff's injuries or the amount of the compensation awarded. Plaintiff fell or was thrown agains a circular saw in motion and his right hand was so cut and lacerated that the same had to be amputated at the wrist joint. The Commission awarded him $250 for medical aid and the further sum of $8 per week for one hundred and seventy-five weeks. The question here presented relates to defendant's liability under the facts.

The established facts are that defendant owned several thousand acres of timbered land in Iron and Madison Counties. She desired to have the timber suitable for that purpose cut and sawed into mer-

chantable lumber. To do this she purchased and placed on the land five sawmills ready for use. She then contracted separately with different persons, each one to operate a sawmill in cutting and sawing her timber into lumber of suitable dimensions. Each person so employed was an independent contractor, in that defendant merely furnished the timber in the woods and the sawmill and then paid for the finished product at $8.50 per thousand feet board measure. Each operator of a sawmill hired and paid for his help, operated the mill at his own expense, and paid for the repairs and up-keep. Each operator of a sawmill was in no way under the supervision of the defendant except as to what lands he was privileged to work on and as to the finished product being of suitable dimensions and material. The defendant had nothing to do with hiring the necessary help, but knew that it took from five to seven men to operate each sawmill. Each operator was wholly independent of the other operators. The defendant, in addition to furnishing the sawmills, merely paid each operator of a sawmill $8.50 per thousand feet of finished lumber.

One of the operators of defendant's saw mills was William Pruitt, father of this plaintiff. He operated one of defendant's sawmills under the agreement to operate same at his own expense and to furnish his own help and was paid $8.50 per thousand feet for whatever lumber he sawed. He employed three men at $2 per day of ten hours and with the help of his three sons, the plaintiff, sixteen years of age, being one of them, he was operating one of defendant's sawmills when plaintiff received his injuries. The defendant paid him $8.50 per thousand feet of lumber sawed and he hired and paid his help and the expense of up-keep and operation of the mill. He also furnished the tools, axes, etc., used by himself and his employees in doing this work.

The plaintiff, a boy sixteen years of age, was not working for his father for wages or by contract, but was merely helping his father as is usual for a minor child living at home. He testified that there was no contract of employment of any kind between himself and his father and no wages were paid or expected; that he worked for his father and obeyed him because he was his father and never received or expected any wages. He, however, did a man's work and defendant knew this and knew that in operating the sawmill the father expected his son to do this work.

The evidence showed that the defendant had only three persons in her direct employ or on her pay-roll. Each of the operators of a sawmill had not to exceed six or seven employees.

When this claim was filed, defendant took the position that plaintiff was not in her employ and did not attend or take any part in the first hearing had by the Commission. On this hearing the Commission made the following findings of fact and rulings of law:

"The employer was duly notified of the hearing of this case, but failed to appear for the same.

"The evidence shows that the Harker Company (Helen V. Harker) owned and operated five sawmills in the State of Missouri, and owned the land upon which the timber was cut to be sawed in said mills. It further appears that each of the aforesaid mills employed an average of seven men.

"The employee's father, William Pruitt, received from the Harker Company $8.50 per thousand feet, board measure, for the lumber he sawed at one of the mills. He employed the men to work at the mill and had about seven men at the time the employee was injured. Among the seven men were three of Mr. Pruitt's boys, including the injured employee, who received no set wage. However, the other employees hired by Mr. Pruitt received $2 per day or $12 per week. The testimony shows that the employee was doing a man's work.

"On June 6, 1928, the employee, while working at the mill, sustained a personal injury by accident arising out of and in the course of his employment, as a result of which it was necessary to amputate his right (major) hand at the wrist.

"Rulings of Law.

"1. Under Section 10 (a) of the Act any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this act to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

"2. Section 22 (b) of the act provides that in the case of injured employees who earn either no wage or less than the earnings of adult day laborers in the line of employment in that locality the yearly wage shall be reached according to the average earnings of adults in the same class in the same employment."

An award was then made in favor of the claimant for $250 medical aid and $8 per week for one hundred and seventy-five weeks for permanent partial disability.

The matter was first heard by one of the commissioners and notice given of the finding. The defendant then appeared and requested a hearing by the full Commission. This was granted and a further hearing had when the defendant introduced some additional evidence. The full Commission then affirmed the former finding and award and made its final award for the same amounts. An appeal was then taken by defendant to the Circuit Court of Iron County, where the matter was again heard. The Circuit Court of Iron County heard the matter and entered its judgment affirming the finding

1206

and award of the Commission and entered judgment accordingly. The matter comes here on defendant's appeal.

The first contention of defendant is that she was a minor and not a major employer of labor and therefore was not subject to the Workmen's Compensation Act, Chapter 28, Revised Statutes 1929. Section 3302 of that act defines a major employer as being one having more than ten employees regularly employed. A minor employer is one having ten or less employees. It is conceded that if defendant is only a minor employer of labor, she is not subject to the provisions of the act in question. It is also apparent that unless the operators of the sawmill owned by defendant and their employees are counted as employees of defendant, then she is only a minor employer. The Commission found, and the evidence supports this finding, that by counting . these operators of the sawmills and their employees as being employees of the defendant, then she is a major employer and subject to the Compensation Act.

It is true that defendant did not, directly at least, employ the plaintiff and she paid him no wages. He was employed, if at all, by his father, William Pruitt, one of the sawmill operators, who sustained the relation of independent contractor to the defendant. The Compensation Act, however, must govern and its provisions in this respect are very broad. Under the subject of ''Who deemed an 'employer,' '' Section 3308, Revised Statutes 1929, provides: ''(a) Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his sub-contractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.'' It is said in 1 Schneider's Workmen's Compensation Law, page 177, that this is a usual provision of compensation acts. Subsections (b) and (c) of Section 3308 in a similar way extend the liability of lessors and independent contractors to injuries received by employees of their lessees and subcontractors.

Tested by this provision of the statute, the defendant is made an employer of this plaintiff, at least so far as compensation for injuries received in the course of his employment are concerned, although plaintiff was employed by William Pruitt, an independent contractor of defendant. Here the defendant was having work done under contract on or about her premises, to-wit, cutting and sawing her timber into lumber; and this was an operation of the usual business which she there carried on. In such case the defendant, as the one having the work done on her premises, is liable as employer to the employees of the contractor, though an independent one, when in-

jured or killed on or about the premises of such employer while doing work which is in the usual course of his business. So, too, the employees of other operators of the several sawmills owned by defendant and being used in cutting her timber are to be deemed as her employees, and, so counting, the defendant must be held, for the purposes of this act, to be a major employer and the plaintiff her employee.

· We do not think this construction of paragraph (a) of Section 3308, Revised Statutes 1929, conflicts with paragraph (d) of such section which makes the independent (immediate) contractor primarily liable and the person having the work done secondarily liable; and provides that the one secondarily liable who pays the liability may recover over from the one primarily liable. Said Subsection (d) provides: "In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any compensation paid by those secondarily liable may be recovered from those primarily liable." This gives the defendant here the right to recover over against William Pruitt, the independent contractor, provided, of course, he is not exempt under other provisions of the act. It also provides that the employer (defendant) shall not be held liable if the employee (plaintiff) was insured by his immediate or intermediate employer (Pruitt). This provision plainly implies that the remote contractor (the person having the work done) may be compelled to pay the employee of the immediate, though independent, contractor, and the award shall be against such remote contractor, and gives him a right to recover back from such immediate contractor who is made primarily liable unless he is exempt by reason of being a minor employer. It also provides that the party primarily liable— the immediate employer—may be made a party to the proceeding which may in the first instance be against the party secondarily liable, that is, the person having the work done, and the judgment goes against such party and may go against both. This Subdivision (d) of Section 3308 does not attempt to fix the liability so far as the person injured is concerned, as that is done by subdivision (a) of such section, but deals with the liability *inter sese* of the persons who are liable to the person injured. This subdivision not only accords with but plainly implies the construction which we have placed on Section 3308 (a).

This is the construction placed on Section 3308, Revised Statutes 1929, by the St. Louis Court of Appeals in De Lonjay v. Hartford

Accident & Indemnity Co., 35 S. W. (2d) 911, where it is said that the purpose of this section was to prevent the owner or principal contractor from escaping all liability by a series of subcontracts with persons without financial responsibility, and as to Subsection (d) said: "But the clause does not say that the immediate employer must be liable to the employee under the act in order to make the principal contractor liable to the employee. The obvious purpose and intent of the clause is, not to disturb or effect the liability of the principal contractor to the employee, as clearly provided for and defined by the other clauses of the subsections, but to merely give the principal contractor recourse on the immediate employer for compensation paid to the employee, in case the immediate employer is liable to the employee under the act. If the principal contractor does not have recourse in every case, it is because of a situation which the contractor itself has created by subcontracting with a minor employer who does not accept, and is therefore not subject to the provisions of the act. Of this the contractor has no right to complain."

In Langston v. Selden-Breck Const. Co., 37 S. W. (2d) 474, the court again construed Section 3308 and said: " 'The provision making the principal contractor liable to the employees of subcontractors was inserted to prevent the principal contractor from escaping all liability and leaving such employees without protection, either under the Compensation Act or at common law, by a series of subcontracts with persons or corporations without financial responsibility.' Such language was prompted by the fact that the statute, by legislative fiat, does, with one exception which we shall presently discuss, make the principal contractor the employer of the employees of his subcontractors, with a liability for the payment of compensation whenever the relationship created by statute exists; such liability being only secondary in its nature, however, in the event the subcontractor is himself primarily liable under the act so that the principal contractor may have recourse upon him for the amount of compensation so payable." The court then points out that, as to statutes making the owner or principal contractor liable for injuries to the employees of a subcontractor, "in the one instance are the statutes where the principal contractor, regardless of through whose fault the accident occurred, is made absolutely and directly liable to injured employees of his subcontractors engaged upon the whole or any part of the work undertaken by the principal, to the same extent as the immediate employer. Under these statutes, any employee of a subcontractor who is injured by accident arising out of and in the course of his employment on or about the premises on which the principal contractor has undertaken to execute his work, or which are otherwise under

his control or management, may generally look to the principal contractor for compensation to the same extent as if he had been immediately employed by him.'' We are not here concerned with the further clause exempting the owner or primary contractor from liability in case the immediate employer has insured his employees.

We have examined the cases of Industrial Commission v. Everett, 108 Ohio St. 369, 140 N. E. 767, and McIlvain v. Blue (Kans.), 203 Pac. 701, and find that they deal with the liability to employees of independent contractors under the common law and not under a statute such as we have here enlarging such liability so as to include employees of subcontractors, though independent contractors. In fact, the last case mentioned was decided on the authority of an earlier case in the same state where it was pointed out that it was not to be taken as a construction of a statute similar to ours.

Defendant next contends that plaintiff was not an employee even of William Pruitt, one of the independent contractors doing this work for the defendant, and consequently was not directly or indirectly an employee of the defendant. This contention is based on the fact that plaintiff was at the time of his injury a minor child, sixteen years of age, a son of the alleged immediate employer, William Pruitt. Plaintiff was, therefore, working for his father on account of that relation and not under any contract of employment, express or implied. His father was entitled to his services without compensation and none was promised. Plaintiff was not working for wages, but was living with and being supported by his father, William Pruitt, for whom he was working at the sawmill. He was, however, doing the work of an adult, for which William Pruitt was paying others $2 per day. It was also shown that at the time William Pruitt contracted with defendant to operate this sawmill, defendant knew that plaintiff would make a hand for his father at this work.

We may readily agree that under the general law the relation of employer and employee did not exist between William Pruitt and his minor son, this plaintiff; that no contract of employment, express or implied, existed, and that William Pruitt did not in fact and was under no legal obligation to pay plaintiff for his work. This is too elementary and well established to require any citation of authorities. This case does not, however, involve the question of liability for wages between plaintiff and his father. The act under which plaintiff claims compensation for his injuries is, as its name indicates, a workmen's compensation act rather than an employees' compensation act. That plaintiff was a workman engaged in work covered by this act, we think, is clear, whether the strict relationship of employer and employee existed or not. The act itself must govern and the general law must give way to the plain terms of the statute. Section

3305 (a), Revised Statutes 1929, defines the term "employee," for the purposes of this act, thus: "The word 'employee' as used in this chapter shall be construed to mean every person in the service of, any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election." The term "employee' is thus given a broad meaning and includes every person "in the service of any employer" and is not confined to those "under contract of hire," express or implied, but also includes those performing service by "appointment or election." Then such statute expressly provides: "The word 'employee' shall also include all minors who work for an employer, whether or not such minors are employed in violation of law, and *all such minors are hereby made of full age* for all purposes under, in connection with, or arising out of this chapter." For the purpose of receiving and being entitled to compensation for injuries received while performing services for an employer, no distinction is made between adults and minors, but for the purpose of the act in question "minors are hereby made of full age." In cases arising under the Compensation Act, minors are deemed emancipated by operation of law.

This act should be liberally construed as to the persons to be benefited. [Howes v. Stark Bros. Nurseries & Orchards Co., 22 S. W. (2d) 839, 844.] And a doubt as to the right of compensation should be resolved in favor of the employee. [Betz v. Columbia Telephone Co., 24 S. W. (2d) 224.]

We have examined the cases of Aetna Life Ins. Co. v. Industrial Accident Com. (Cal.), 165 Pac. 15, and Hillestad v. Industrial Com., 141 Pac. 913, and find that they deal with this question under the rules of the common law unaffected by statute such as we have here.

Defendant also contends that Section 3308, Revised Statutes 1929, of the Workmen's Compensation Act is unconstitutional and void as in violation of the due-process-of-law clause of both the state and federal Constitution. The argument is that a statute which makes the owner of premises, or a contractor, liable for compensation to the employee of an independent contractor is arbitrary and contrary to natural justice in that the person so held liable has no choice in the selection or control of the laborer to whom the right of action is given, or control over the manner of doing the work. This argument overlooks the fact that the work being done, and the premises where done, belongs to the person thus made liable, and such person is free in creating, choosing and contracting with an independent contractor. The immediate, though independent contractor, is made primarily liable to the employee, may be made a party to the action, and the party secondarily liable may recover any loss he pays from the party primarily liable. Besides this, if the party primarily liable (the inde-

pendent contractor) carries insurance on his employee, then the party secondarily liable (defendant in this case) is discharged of liability. This merely requires the person having the work done to see to it that his independent contractor insures his employee.

Workmen's compensation acts which make the employer liable in compensation to his employees, regardless of any negligence or fault of the employer, have repeatedly been held constitutional against all such attacks, and it is only a short step further to extend such protection to employees of independent contractors. We have held this act constitutional against attacks from practically every angle. [DeMay v. Liberty Foundry Co., 37 S. W. (2d) 640.]

Nor is there any force to the argument that the person having the work done has no recovery over against the independent contractor unless such immediate contractor is a major employer of labor. Section 3308 (d) makes no such distinction, but provides that in all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractor; that the liability of the immediate employer shall be primary, and that of the others secondary in their order, and that any compensation paid by those secondarily liable may be recovered from those primarily liable. Whether those primarily liable may recover over from those secondarily liable, regardless of whether those secondarily liable are major or minor employers, need not be decided here. Even if they cannot recover over against a minor employer not subject to the act, yet it must be kept in mind that the act is purely elective as to all major employers, as was this defendant, and such major employers may protect themselves by requiring the subcontractors, whether major or minor employers, to insure their employees.

We hold, therefore, that the rulings of the Compensation Commission and of the Circuit Court on appeal are correct, and the judgment of the Circuit Court is affirmed. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.