No. 20,717.

Melba Hall, Parkview Episcopal Hospital
Association, and Industrial Commission of Colorado
*v.* State Compensation Insurance Fund.
(387 P. [2d] 899)

Decided December 30, 1963.

Messrs. Adams and Abbot, for plaintiffs in error Melba
Hall and Parkview Episcopal Hospital Association, a
Corporation.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank
E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for
plaintiff in error Industrial Commission of Colorado.

Mr. Harold Clark Thompson, Mr. Alious Rockett,
Mr. Francis L. Bury, for defendant in error State Com-
pensation Insurance Fund.

Mr. Terry J. O'Neill, Amicus Curiae.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

HEREIN we refer to Melba Hall as Melba, to Parkview Episcopal Hospital as the hospital, to the Industrial Commission of Colorado, as the commission, and to the State Compensation Insurance Fund as the fund.

On December 5, 1960, Melba filed with the commission her claim for compensation for injuries alleged to have been suffered on October 6, 1960, which injuries she claims arose out of and during the course of her employment by the hospital.

The fund, carrier of the hospital's workmen's compensation insurance, denied liability, contending that Melba was not an employee of the hospital and therefore could not claim compensation.

Hearing was had before a referee of the commission. There is no conflict in the evidence. In substance it shows that Melba was a member of a civic-minded organization of about seventy-five women, known as the "Blue Ladies," which organization functioned exclusively within the hospital and for the benefit of the hospital and its patients. Services rendered consisted of sorting and delivering mail, delivering flowers to patients, rolling bandages and doing other things calculated to be of assistance to the hospital in discharging its duties to its patients and directly aiding and comforting patients of the hospital.

The hospital, in procuring or accepting the services of the Blue Ladies, dealt with their "chairwoman or president" and not with individual members thereof. The services rendered are generally routine, and the chairwoman or president of the organization arranges a schedule fixing the days on which members shall serve; usually each member serves two days a month, sometimes from 10:00 A.M. to 2:00 P.M., at other times from 10:00 A.M. until noon. If new, different or addi-

tional services are needed, the hospital negotiates with the chairwoman or president with reference thereto.

The Blue Ladies, while serving, wear uniforms, approved by the hospital, but which they themselves pay for.

The members receive a noon meal furnished by the hospital for which they pay nothing. The only other reward for services rendered is the inner glow of satisfaction one experiences in having contributed to the comfort, happiness and well being of his fellowman.

Based on this evidence the referee made findings that Melba "was injured in an accident arising out of and within the course of his [her] employment," that her average weekly wages were "none," and made an award to the effect that the respondents pay for her necessary medical expenses.

The fund sought review of this award by the commission which made final findings and entered its award holding that there was a "contract of hire" between the hospital and Melba, and that "the matter of wages (one meal a day) is immaterial to the fundamental issue of the contract of hire."

The fund presented the matter to the district court for review and that court entered judgment, holding that Melba was not an employee of the hospital, as defined by C.R.S. '53, 81-2-7, and vacated the findings and award of the commission, and directed the commission to deny the claim.

Melba, the hospital and the commission are here by writ of error seeking reversal.

The only question presented is: Was Melba, at the time of the accident, an employee of the hospital?

The statute C.R.S. '53, 81-2-7(2) defines employee:

"The term 'employee' shall mean and include:

* * *

"(2) Every person in the service of any person, association of persons, firm, private corporation * * *, under any contract of hire, express or implied * * *, but not

including any persons who are expressly excluded from this chapter or whose employment is but casual and not in the course of trade, business, profession or occupation of his employer."

The burden was upon Melba to prove that she was an employee.

In *Industrial Commission v. Havens,* 136 Colo. 111, 314 P. (2d) 698, we find the following language:

"This court has often held, and we reiterate, that when a claim is filed under the Workmen's Compensation Act, * * * the burden of proof is upon the claimant. * * * ."

The record before us is barren of proof that there was a contract of hire between the hospital and Melba.

Melba testified that she "was working at the Parkview Episcopal Hospital, working with the volunteer service unit * * * ."

"Q. What I am trying to get at is what arrangements you had, if any, with the * * * hospital, directly? A. I had none * * *. Q. You had no contract of hire with the Parkview Episcopal Hospital? A. No."

■ Here it appears that Melba was rendering services as a volunteer. She was not under contract — at no time did she expressly or by implication obligate herself to the hospital, nor did the hospital at any time obligate itself to her.

In *State Compensation Fund v. Industrial Commission,* 135 Colo. 570, 314 P. (2d) 288, this court, in holding that there was no contract of hire, said:

"Since the evidence does not disclose any contractual obligation to play football, then the employer-employee relationship does not exist and there is no contract which would support a claim for compensation under the Act. A review of the evidence disclosed that none of the benefits he received could, in any way, be claimed as consideration to play football, and there is nothing in the evidence that is indicative of the fact that the contract of hire by the college was dependent

upon his playing football, that such employment would have been changed had deceased not engaged in the football activities.

\* \* \*

"\* \* \* Liberal construction of the Workmen's Compensation Act cannot be expanded beyond the plain, clear and explicit language of the Act and the Act is to be enforced according to its intention, and the funds created for administration of the Act are not to be diverted to those who are not clearly entitled to receive them. The burden is always upon the claimant to establish to a reasonable certainty that the accident arose out of and in the course of his employment. \* \* \*.

"We believe the following statement in *Industrial Commission v. Murphy,* 102 Colo. 59, 76 P. (2d) 741, is strikingly applicable: 'No definition of "arising out of and in the course of employment" to be found in this jurisdiction can be stretched to cover the instant case.' "

In *Denver Exchange v. Perryman,* 134 Colo. 586, 307 P. (2d) 805, one of the questions presented was whether Perryman was an employee as defined by C.R.S. '53, 81-2-7. There we said:

" 'A contract is an agreement which creates an obligation. Its essentials are competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation.' 17 C.J.S. 310, Sec. 1a."

\* \* \*

"The statute defining employee reads in part: 'Every person in the service of any person, \* \* \* private corporation \* \* \*, under any contract of hire, express or implied, \* \* \* but not including any persons who are expressly excluded from this chapter or whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.' C.R.S. '53, 81-2-7.

"Clearly this wording has no application to Perryman for this employer never hired him, nor was the work by him on the contract in question done in Colorado,

52

though it was in the usual course of employer's business. * * *."

There being no contract between Melba and the hospital creating the relationship of employer and employee, Melba cannot demand compensation as an employee.

The judgment is affirmed.