STATE of Missouri ex rel. PUBLIC SERVICE COMMISSION of Missouri, Appellant,

v.

Edd LOGAN, Respondent.

No. 52078.

Supreme Court of Missouri, Division No. 2.

Jan. 9, 1967.

Motion for Rehearing and for Transfer to Court En Banc Denied Feb. 13, 1967.

Wayne W. Waldo, Jefferson City, for appellant.

No attorney for respondent.

STOCKARD, Commissioner.

The general counsel of the Public Service Commission of Missouri brought suit in the Circuit Court of Ripley County to recover statutory penalties from Edd Logan, and the trial court, after hearing "all of the evidence" entered judgment for defendant on the ground that "plaintiff has offered no valid or competent evidence."

The background of this suit will be informative and helpful to an understanding of the issues. After the required statutory notice to Edd Logan, and after a hearing before the Public Service Commission, the Commission found that Edd Logan, a holder of Interstate Permit No. T-22-687, had violated "the Missouri Bus and Truck Act" by transporting intrastate for hire one shipment of household furniture without a permit from the Commission. The Commission issued its Report and Order dated May 6, 1965, in which it ordered Edd Logan "to cease and desist in providing intrastate transportation service for hire or compensation without authority of this Commission," and in which it directed its general counsel "to file an appropriate action" against Edd Logan "to invoke and collect penalties as provided by law for the violation of the Public Service Commission laws."

In the petition filed in the circuit court of Ripley County it was alleged, among other things, that Edd Logan "transported in intrastate commerce a shipment of household goods * * * for hire * * * from a point on Highway 142, east of Doniphan to Carl Junction, both points being within the State of Missouri," that the transportation of the household goods by Logan "was in violation of Section 390.051 RSMo 1959, V.A.M.S., which statute provides, in part, that no person shall engage in the business of a common carrier on any public highway in this state unless such carrier has a certificate issued by the Commission authorizing such operations;" and that "under the provisions of Section 390.-176 RSMo 1959, V.A.M.S., the transportation of such shipments by the defendant in violation of the law subjects defendant to a penalty of not less than $100.00 nor more than $2,000.00 for each such violation." The prayer was that judgment be entered by the court assessing against defendant a penal-

ty of not less than $100 nor more than $2,-000 "for each statutory violation by the defendant."

At the trial the general counsel of the Commission offered, over the objection of defendant, a certified copy of the Report and Order of the Commission, and then announced that that comprised all of his proof in support of the petition. The trial court entered judgment in favor of defendant on the ground that "the plaintiff has offered no valid or competent evidence in this cause, and that the court is not bound by the findings of fact of the Public Service Commission of Missouri."

We must first comment on the appellate jurisdiction of this court. Section 390.156 RSMo 1959, V.A.M.S. provides that an action to recover a penalty or forfeiture under Sections 390.011 to 390.176 shall be brought "in the name of the state of Missouri" and shall be commenced and prosecuted to final judgment by the general counsel to the Commission, and all moneys recovered as a penalty or forfeiture shall be paid to the public school fund of this state. The proper designation of the plaintiff in this case is "State of Missouri," and not the State of Missouri at the relation of the Public Service Commission. However, the form of the caption of the case is not controlling. Exclusive appellate jurisdiction is vested in this court "in all civil cases where the state * * * is a party." Art. V Sec. 3, Constitution of Missouri, V. A.M.S. The state is the real party in interest in this civil action to recover a penalty to be paid into the school fund of the state. This case is comparable to those where the state maintains a civil action to recover on an appearance bond. Compare State v. Haverstick, Mo., 326 S.W.2d 92, 75 A.L.R.2d 1422, and State v. Norton, Mo., 347 S.W.2d 849.

The basis for the recovery of a penalty from defendant, as expressly alleged in the petition, is that he violated Section 390.051 which provides that except as otherwise provided in Section 390.031, "no person shall engage in the business of a common carrier in intrastate commerce on any public highway in this state unless there is in force with respect to such carrier a certificate issued by the commission authorizing such operations." (Italics added). The term "common carrier" as used in Section 390.051 is defined in Section 390.020 to mean "any person which holds itself out to the general public to engage in the transportation by motor vehicle of passengers or property for hire or compensation upon the public highways."

One who makes a single isolated movement of property from one point to another in this state on the public highway for hire does not for that reason alone "engage in the business of a common carrier in intrastate commerce." He must hold himself out to the general public to engage in the transportation by motor vehicle of property for hire. In Vincent v. United States, D.C.Mun.App., 58 A.2d 829, the court considered the definition of a common carrier in the Interstate Commerce Act, which was, in its material parts, as follows: "The term 'common carrier by motor vehicle' means any person which holds itself out to the general public to engage in the transportation by motor vehicle in interstate or foreign commerce of passengers or property or any class or classes thereof for compensation, * * *." The court said this:

"It is well established that a 'holding out' may be accomplished by advertisement or solicitation through agents, but these tests are neither determinative nor exclusive. A 'holding out' may result from a course of business or conduct. A definition of the term 'holding out' appears in Northeastern Lines, Inc., Common Carrier Application, 11 M.C.C. 179 (1939):

" 'Question arises as to the meaning of the words "holds itself out," as applied to a common carrier. They clearly imply, we believe, that the carrier in some way makes known to its prospective pa-

trons the fact that its services are available. This may be done in various ways, as by advertising, solicitation, or the establishment in a community of a known place of business where requests for service will be received. However the result may be accomplished, the essential thing is that there shall be a public offering of the service, or, in other words, *a communication of the fact that service is available to those who may wish to use it.'*"

See also, State ex rel. Anderson v. Witthaus, 340 Mo. 1004, 102 S.W.2d 99, 102, where it was said, "If the carrier carries goods as a public employment, undertaking to carry goods for persons generally, and holds himself out to the public as ready to engage in that business as a business, and not as a casual occupation, he comes within the definition of a common carrier."

The petition in this case does not allege facts which if found to be true would authorize a finding that the defendant engaged "in the business of a common carrier in intrastate commerce on any public highway in this state." We need not rule whether the Report and Order of the Commission constituted proof of the facts therein set forth because those facts would establish nothing more than what is alleged in the petition, and those allegations, if found to be true, are insufficient to authorize the imposition of a penalty for a violation of Section 390.051.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

EAGER, P. J., and FINCH, J., concur and DONNELLY, J., concurs in the result.