**Virginia P. ORPHANT, Claimant-Respondent,**

v.

**ST. LOUIS STATE HOSPITAL, DIVISION OF MENTAL DISEASES of the State of Missouri, Defendant-Appellant.**

**No. 33067.**

St. Louis Court of Appeals, Missouri.

July 25, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, O. Hampton Stevens, Asst. Atty. Gen., for defendant-appellant.

John D. Connaghan, Russell N. MacLeod, St. Louis, for claimant-respondent.

DOERNER, Commissioner.

Virginia P. Orphant, a volunteer worker, fell and was injured while serving without pay at the St. Louis State Hospital. She filed a claim for compensation under the Workmen's Compensation Law, § 287.010 et seq., RSMo 1959, V.A.M.S., naming the Hospital as the employer. In the answer to the claim, made on the approved form and signed by a Special Assistant Attorney General, the employer was stated to be St. Louis State Hospital, the insurer was designated as "Self insured" and "Milton Carpenter, State Treasurer, as Custodian of the Second Injury Fund, Jefferson City, Missouri," was listed as an additional party defendant, but thereafter no reference to him appears in the record.

When the matter came before the referee for hearing on September 20, 1966 the parties stipulated that the claim and the answer to the claim were amended to reflect that the alleged employer was the Division

of Mental Diseases, rather than the St. Louis State Hospital. In obtaining the stipulation from the parties the referee used the words "alleged employer," presumably because in the answer to the claim the status of claimant as an employee had been specifically denied. Following the hearing the referee found that claimant was an employee and rendered an award in her favor. On review, sought by the Division of Mental Diseases, the Industrial Commission in its final award stated that it failed to find from all of the competent and credible evidence that the claimant was an employee of the Division of Mental Diseases as contemplated by § 287.020, and reversed the award of the referee. Claimant then appealed to the Circuit Court of the City of St. Louis, which ruled that in fact and in law claimant was an employee at the time of her accident, and entered a judgment on August 23, 1967 reversing the final award of the Industrial Commission. From that judgment a notice of appeal to this court was filed by " * * * defendant, St. Louis State Hospital and the Division of Mental Diseases of the State of Missouri, * * * " and the appellant is so described in the caption of the case in this court.

■■■ Appellant, represented by the Attorney General, asserts that this court has jurisdiction of this appeal because § 287.490, subd. 2 provides that appeals in workmen's compensation cases shall be allowed in the same manner as in civil actions, and because " * * * it does not involve a matter within the exclusive jurisdiction of the Supreme Court * * *." In its brief appellant argues that the respondent could not be an employee because Article IV, § 19 of our Constitution requires that " * * * All employees in the state eleemosynary * * * institutions, * * * shall be selected on the basis of merit, ascertained as nearly as practicable by competitive examinations * * *." Following the filing of her brief and shortly before the hearing in this court claimant filed a motion to transfer this appeal to the Supreme Court because the point advanced by appellant re-

quires the construction of the Constitution, a matter which falls within the exclusive jurisdiction of the Supreme Court. Article V, § 3, Constitution of Missouri, 1945, V.A. M.S. Claimant's motion to transfer was taken with the case. We need not rule on claimant's motion. This for the reason that under our duty to determine the question of our jurisdiction sua sponte, Bock v. Sheahan Investment Co., Mo., 412 S.W.2d 393; Wartenbe v. Car-Anth Mfg. & Supply Co., Mo., 353 S.W.2d 570; Skatoff v. Alfend, Mo.App., 398 S.W.2d 461, we have reached the conclusion that appellate jurisdiction of this case is vested in the Supreme Court under another clause of that section of the Constitution.

Article IV, § 12, of our Constitution provides that in addition to certain named departments the executive branch of our state government shall include " * * * such additional departments, not exceeding five in number, as may hereafter be established by law. * * * " Pursuant to such authority the General Assembly created the Department of Health and Welfare, composed of three divisions, one of which is the Division of Mental Diseases. Section 191.010. By § 202.020 it provided that the Division of Mental Diseases should have the administrative control of various named institutions, including the St. Louis State Hospital, and that with the approval of the Department of Public Health and Welfare that Division should make all necessary orders for the government, administration, discipline and management of all such institutions.

In 1957 the General Assembly enacted Laws 1957, p. 687, § 1, now § 202.024 of our statutes, which reads:

"1. The provisions of chapter 287, RSMo, governing workmen's compensation are extended to include all employees of the division of mental diseases. The state of Missouri shall be a self-insurer and assume all liability imposed by chapter 287, RSMo, in respect to employees of the division, without insurance and the attorney general shall appear on behalf of and defend the state in all

actions brought by employees of the division under the provisions of the workmen's compensation law.

"2. The director of the division of mental diseases has authority to perform such duties as may be necessary or incidental to carry out effectively the purposes of this law."

In view of these enactments it would appear that the proper designation of the appellant in this case is "Division of Mental Diseases of the Department of Public Health and Welfare of the State of Missouri," and not St. Louis State Hospital, Division of Mental Diseases of the State of Missouri. However, the form of the caption is not important or controlling so far as the question of our jurisdiction is concerned. State of Missouri ex rel. Public Service Commission v. Logan, Mo., 411 S.W.2d 86. What is important is that the defendant or alleged employer is a division of a department of the executive branch of our state government, which so far as we have been able to determine has none of those attributes or characteristics of a legal entity or public quasi corporation referred to in Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529; Dunnegan v. Gallop, Mo., 369 S.W.2d 206, and State ex rel. State Highway Commission v. Day, 327 Mo. 122, 35 S.W.2d 37. Compare City of Mt. Vernon v. Garinger, Mo., 395 S.W.2d 214. Of even greater significance, by virtue of § 202.024 the State of Missouri is the insurer of the Division of Mental Diseases and is thereby made responsible for all liability imposed upon the Division by the Workmen's Compensation Law. In brief, there can be no reasonable doubt that the State of Missouri is the real party in interest in defending against the claim for compensation asserted by the claimant, and that it has a direct and pecuniary interest in the final result thereof. Compare State of Missouri ex rel. Public Service Commission v. Logan, supra; State of Missouri v. Haverstick, Mo., 326 S.W.2d 92, 75 A.L.R. 2d 1422; State of Missouri v. Norton, Mo., 347 S.W.2d 849.

Article V, § 3, Constitution of Missouri, 1945, V.A.M.S., vests in the Supreme Court exclusive appellate jurisdiction of " * * * all civil cases where the state * * * is a party, * * *." Since the State of Missouri is a party to this case it follows that we do not have jurisdiction to entertain this appeal.

Accordingly, this case is ordered transferred to the Supreme Court.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, case transferred to Supreme Court.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.