Virginia P. ORPHANT, Respondent,

v.

ST. LOUIS STATE HOSPITAL, DIVISION OF MENTAL DISEASES of the State of Missouri, Appellant.

No. 54107.

Supreme Court of Missouri,
Division No. 1.

April 14, 1969.

Motion for Rehearing or for Transfer to Court En Banc Denied June 9, 1969.

John D. Connaghan, St. Louis, for employee-respondent, Russell N. MacLeod, St. Louis, of counsel.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for appellant.

FRANKLIN FERRISS, Special Judge.

On July 25, 1961, Virginia P. Orphant fell and was injured while working as a volunteer without pay at the St. Louis State Hospital. She filed a claim for compensation under the Workmen's Compensation Law, naming as her employer the St. Louis State Hospital. The Answer to said claim was filed by a Special Assistant Attorney General of Missouri as attorney for "Milton Carpenter, State Treasurer, Custodian of Second Injury Fund", and said Answer alleged that "St. Louis State Hospital—Division of Mental Health (sic), State of Missouri, * * * states that (claimant) was not an employee of the St. Louis State Hospital—Division of Mental Health (sic), State of Missouri, and therefore not eligible to claim compensation * * *." When the claim came before the Referee for hearing,

claimant's attorney and the Assistant Attorney General defending the claim stipulated that the claim and the Answer to the claim were amended to reflect that the alleged employer was the Division of Mental *Diseases* rather than the St. Louis State Hospital (or the nonexistent "Division of Mental *Health*").

Following the hearing before the Referee, at which the Assistant Attorney General offered no evidence, the Referee found that the claimant was in the employ of the Division of Mental Diseases at the time of her accident and awarded her a total of $2,598.75. The Division of Mental Diseases appealed to the Industrial Commission of Missouri, which reversed the Referee's Award on the sole ground that the evidence failed to show that claimant was an employee of the Division of Mental Diseases within the meaning of the Workmen's Compensation Law, Section 287.020, RSMo 1959 (this and subsequent statutory citations are to Vernon's Annotated Missouri Statutes). Claimant thereupon appealed to the Circuit Court, which found—on the basis of the same transcript—that claimant "was in fact, and as a matter of law, an employee of the Division of Mental Diseases". The Circuit Court, therefore, reversed and remanded the case to the Industrial Commission for further proceedings. The Division of Mental Diseases appealed from this judgment to the St. Louis Court of Appeals, which transferred the case to this Court on the ground that "the state of Missouri is the real party in interest in defending against the claim for compensation" and that the Supreme Court has exclusive appellate jurisdiction of all civil cases where the state is a party. Article V, Section 3, Constitution of Missouri, 1945.

Since the amount in dispute is less than Fifteen Thousand Dollars, we must first decide whether the Supreme Court has appellate jurisdiction. In its opinion, the St. Louis Court of Appeals relied considerably on State of Missouri ex rel. Public Service Commission v. Logan, Mo., 411 S.W.2d 86, which was a suit to recover statutory penalties for intrastate transportation of furniture without a permit from the Public Service Commission. The relevant statute in that case was Section 390.156, RSMo 1959, which provides that an action to recover such a statutory penalty shall be brought "in the name of the state of Missouri", and shall be commenced and prosecuted to final judgment by the General Counsel to the Public Service Commission, and all monies recovered shall be paid to the Public School Fund of this state. Under such circumstances, this Court held at 411 S.W. 2d 86, l. c. 88:

> "The proper designation of the plaintiff in this case is 'State of Missouri,' and not the State of Missouri at the relation of the Public Service Commission. However, the form of the caption of the case is not controlling. * * * The state is the real party in interest in this civil action to recover a penalty to be paid into the school fund of the state."

Hence, the Supreme Court was held to have appellate jurisdiction on the ground that the state was a party to the action.

In the instant case it is also true that the state is the real party in interest, since the relevant statute, Section 202.024, RSMo 1959, extends workmen's compensation coverage to include all employees of the Division of Mental Diseases and provides that "the state of Missouri shall be a self-insurer." Is this enough to make the state a party to an action brought not by, but against "the Division of Mental Diseases"?

 It appears to us that *the mere fact* that a certain party is the real party in interest does not mean that an action brought against . a different party (even though a branch or an agency of the party having the real interest in the lawsuit) can automatically make the real party in interest the defendant in the case. Such a rule would indeed lighten the work of lawyers filing actions, but would hardly be due process of law for defendants not named or served with process in the action.

■ In addition, in this case "the Division of Mental Diseases" is not even a legal entity capable of being sued. Its status is that of a division of the State Department of Public Health and Welfare, which is controlled and administered by a Director of Public Health and Welfare appointed by the Governor (Section 191.020), who must approve the appointment of all employees (Section 191.060), and set forth their duties (Section 191.080). The title to all state property, real and personal, assigned to, or held, occupied and controlled by the Department of Public Health and Welfare, and the various divisions thereof, rests successively in each incumbent Director of Public Health and Welfare, as Trustee, for and on behalf of the State of Missouri (Section 191.120). Suits for damages due to failure of contract and for trespass and other wrongs to the Division of Mental Diseases or any of its property are maintained in the name of the Director of the Department of Public Health and Welfare (Section 191.130). We find no statute clothing the Division of Mental Diseases with the power to sue or be sued.

How then did the General Assembly intend that employees of the Division of Mental Diseases should prosecute claims under the Workmen's Compensation Law? The answer is to be found in the following language of the statute which extends coverage to such employees, Section 202.024, RSMo 1959, to wit:

"The provisions of chapter 287, RSMo, governing workmen's compensation are extended to include all employees of the division of mental diseases. The state of Missouri shall be a self-insurer and assume all liability imposed by chapter 287, RSMo, in respect to employees of the division, without insurance and *the attorney general shall appear on behalf of and defend the state in all actions brought by employees of the division under the provisions of the workmen's compensation law."* (Emphasis added.)

■ The foregoing statute places a duty on the Attorney General to appear on behalf of and defend *the state* in ALL actions brought by employees of the Division of Mental Diseases under the provisions of Workmen's Compensation Law. In our view, this means that in every workmen's compensation case filed by an employee of the Division of Mental Diseases, the Attorney General shall enter his appearance on behalf of and defend the State whether or not the State has been named in the original claim as filed.

■ In the instant case the Attorney General signed the Answer to the claim for compensation on behalf of "Milton Carpenter, State Treasurer, as Custodian of Second Injury Fund." Thereafter he stipulated with the claimant's attorney at the start of the hearing before the Referee that "both the claim and the answer may be amended at this time to reflect the alleged employer is the Division of Mental Diseases, rather than the State Hospital." Neither said Answer nor said Stipulation technically constituted an appearance on behalf of the State of Missouri by the Attorney General. However, the Attorney General's intent undoubtedly was to defend the state's interest in the outcome of the hearing before the Referee. Furthermore, the Workmen's Compensation Law states that a substantial compliance with the statutory provisions shall be sufficient, and that awards shall not be declared inoperative, illegal or void for any omission of a technical nature (Section 287.800). From the whole record we conclude that the Attorney General's appearance and defense of this compensation claim was in substantial compliance with his statutory duty "to defend the state" in such actions, and that the state must be considered as a party to the case. It follows that the Supreme Court has jurisdiction of this appeal.

Turning to the merits of this appeal, the only issue is whether or not the claimant, Virginia P. Orphant, was an employee of

the Division of Mental Diseases at the time of her injury on July 25, 1961. The trial court ruled that she was so employed "in fact, and as a matter of law." There is very little conflict in the evidence. About nine months prior to her injury Mrs. Orphant, the claimant, went to the volunteer office of the St. Louis State Hospital, an institution operated by the Division of Mental Diseases. She was interviewed by a Mrs. McAtee, Supervisor of Volunteer Services for the hospital, and was given a "Volunteer Service Manual." This manual contained many directions as to what volunteers working at the hospital should and should not do. It urged volunteers to wear the National Auxiliary uniform, but did not require same to be worn. Mrs. Orphant testified she was actually required to wear this uniform. Mrs. McAtee testified that if a volunteer repeatedly violated the manual's directions, she would not be permitted to continue.

Mrs. Orphant was given an orientation course with other volunteers and attended some lectures on mental diseases, but she was given no examinations. She had taken an Arthur Murray course in modern dancing, so she was given the assignment of teaching dancing to inmates of the hospital. This was a part of the therapeutic program at the hospital and Mrs. Orphant was considered a "dance therapist." She suggested and it was agreed that she would teach on Tuesday of each week from one to three o'clock. One of the therapists on the hospital staff supervised her work, usually for one hour. She had been doing this volunteer work once a week for nine months, when on July 25, 1961 she signed in at the hospital, headed for the elevator, slipped, fell and injured her left elbow.

■ In their briefs the parties cite a number of authorities pro and con the proposition that Mrs. Orphant was not an employee of the Division of Mental Diseases because she received no pay for her services. Some of these are common-law cases, some are based on the wording of compensation statutes in other states. We need not decide whether, in view of the circumstances under which Mrs. Orphant worked at the St. Louis State Hospital, she was or was not an employee at common law or under the compensation statutes of other states. The applicable rule is stated thus in 99 C.J.S. Workmen's Compensation § 60, p. 263: "Where a compensation act defines the term 'employee' or similar terms, the statutory definitions control in so far as they modify the common-law meaning of the terms." Thus the question for our decision is whether claimant was an employee within the meaning of the Missouri Workmen's Compensation Law, which defines "employee" in the following language (Section 287.020, subd. 1):

"The word 'employee' as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election."

The word "employer" is defined in a subsequent section of the Missouri Workmen's Compensation Law as follows (Section 287.030):

"1. The word 'employer' as used in this chapter shall be construed to mean:

(1) Every person, partnership, association, corporation, trustee, receiver, the legal representatives of a deceased employer, and every other person, including any person or corporation operating a railroad and any public service corporation, using the service of another for pay;

(2) The state, county, municipal corporation, township, school or road, drainage, swamp and levy districts, or school boards, board of education, regents, curators, managers or control commission, board or any other political subdivision, corporation, or quasi

corporation, or cities under special charter, or under the commission form of government, which elects to accept this chapter by law or ordinance.

"2. Any reference to the employer shall also include his insurer."

Appellant's position is that the words, "under any contract of hire", in Section 287.020, subd. 1, supra, imply that the person hired is to receive some compensation for his services, whereas claimant received no pay at all. We assume that this is true; however, the statutory definition goes on to include *an alternative,* namely, "or under any appointment or election." The use of the disjunctive "or" means that if the service in question is under "an appointment", it need not also be under a contract of hire. This was the interpretation given to the same statutory definition of "employee" in Pruitt v. Harker (1931) 328 Mo. 1200, 43 S.W.2d 769, 1. c. *772–773,* where the Supreme Court, after quoting the statutory definitions set out supra stated: "The term 'employee' is thus given a broad meaning and includes every person 'in the service of any employer' and is not confined to those 'under any contract of hire,' express or implied, but also includes those performing service by 'appointment or election.' "

The holding in Pruitt v. Harker, supra, was epitomized and explained by the same division of the Supreme Court in the later case of Maltz v. Jackoway-Katz Cap Co. (1935) 336 Mo. 1000, 1005, 82 S.W.2d 909, 911–912, where the Supreme Court stated:

"In that case [Pruitt v. Harker] the minor son of an independent contractor was injured while working gratis for his father in the latter's enterprise. This court held that the minor was an employee of the father by appointment, engaged in carrying on the father's independent work then in progress, and therefore in the father's service as a workman and entitled to compensation. The status of employee and what constitutes

the same was the primary question under consideration."

See also Lawson v. Lawson, Mo.App., 415 S.W.2d 313, 1. c. 317–320, for a detailed discussion of Pruitt v. Harker, supra, and of the legal significance of the nonpayment of wages or compensation to a workmen's compensation claimant.

■ Black's Law Dictionary, 4th Edition, and also Bouvier's Law Dictionary, 3rd Revision, define "appointment" as "the designation of a person, by the person or persons having authority therefor, to discharge the duties of some office or trust." We have no hesitancy in ruling that as a volunteer dance therapist, claimant was occupying a position of trust at the St. Louis State Hospital and that she was designated as such by the person having authority therefor, namely, the Supervisor of Volunteer Services for the hospital. The fact that she received no pay for her work does not preclude her being a statutory employee.

Appellant has also urged that Section 287.030 defines "an employer" as every person, partnership, etc., using the service of another for pay. But this is only the first meaning set out in Section 287.030. The second meaning given in that statute, quoted supra, includes the state in any case where by law the state accepts the provisions of the compensation law, which the State of Missouri did for all employees of the Division of Mental Diseases by the enactment in 1957 of Section 202.024, RSMo 1959.

■■ Another point advanced by appellant is that Mrs. Orphant could not constitutionally be an employee of the Division of Mental Diseases for the reason that she was not selected on the basis of merit ascertained by competitive examinations. Article IV, Section 19 of the Missouri Constitution of 1945 provides, inter alia: "All employees in the state eleemosynary * * institutions * * * shall be selected on the basis of merit, ascertained as nearly as

practicable by competitive examinations; * * *." We believe this provision was intended to apply to paid employees of the state eleemosynary institutions and not to those volunteering their services. It would hardly be practicable to obtain volunteer workers by giving competitive examinations. Furthermore, even if an employee were selected in violation of this constitutional mandate, it appears that as long as he was actually working for a state eleemosynary institution, he would be covered by the Workmen's Compensation Law. The instant case is concerned with who is an employee as defined by the compensation law and not with the correct method of selecting an employee as prescribed by the Constitution.

Finally, appellant contends that the Trial Court erred in finding as a matter of law that claimant was an employee of the Division of Mental Diseases, since the claimant's testimony that she was required to wear a uniform was "contrary to" the Volunteer Service Manual, which merely states, "Those working in the hospital are urged to wear the National Auxiliary Uniform." We do not view claimant's testimony as "contrary to" the text of the Manual, but this point is not crucial. Even if she were not required to wear a uniform, the evidence is conclusive that her work, though voluntary, was controllable by the Supervisor of Volunteer Services at the hospital—as to time, place and manner of performance—and thus she was truly "in the service of" the hospital, within the meaning of Section 287.020, supra. Lawson v. Lawson, Mo.App., 415 S.W.2d 313, 319(5).

For the reasons stated, the judgment of the St. Louis Circuit Court, reversing the Final Award of the Industrial Commission denying compensation and remanding the cause to the Industrial Commission, should be affirmed, and the cause should be remanded to said Circuit Court with directions to remand it to the Industrial Commission for further proceedings not inconsistent with this opinion. Accordingly, it is so ordered.

SEILER and STORCKMAN, JJ., concur.

HENLEY, P. J., not sitting.