Robert M. WILLIAMS, Appellant,

v.

CITY OF ST. LOUIS, Respondent.

No. 40231.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1979.

---

Daniel J. McMichael, Fitzsimmons & Fitzsimmons, Clayton, for appellant.

Timothy G. Noble, Assoc. City Counselor, St. Louis, for respondent.

REINHARD, Presiding Judge.

This suit involves an appeal from the denial of a claim made under the Workmen's Compensation Act. The facts appear as follows:

Claimant had been employed as a salaried deputy sheriff by the City of St. Louis Sheriff's Department from June, 1971, until April, 1973. Claimant was initially appointed by the Sheriff after having been interviewed by both the Sheriff and a committee of circuit judges. In April, 1973, his employment was terminated. However, obviously desirous of maintaining his many friends and contacts amongst the Sheriff's Department staff, claimant persisted in visiting the office on a continuous, if somewhat sporadic, basis. That is to say, while he did not maintain a consistent schedule, he would visit the Sheriff's office anywhere from one to four times a week, sometimes staying three to five hours at a time.

While so visiting, claimant would occasionally help the deputy sheriffs who were engaged in the performance of their regular duties. Claimant was never rehired and, this volunteered "assistance" was performed gratuitously.

Some employees of the Sheriff's office testified that they had seen claimant running errands, assisting other officers transport prisoners, etc., and often saw claimant in those sections of the department that were off-limits to the general public.

On October 29, 1973, claimant sustained the injury for which he now seeks compensation. On this particular day, claimant was to lunch with deputy sheriff Graffort, but Graffort was to first escort seven prisoners to the City Jail. As Graffort was apparently expected to escort all seven alone, and because claimant felt this to be too many prisoners for one man to handle, claimant asked if he could help. Graffort assented. While so escorting these prisoners, they turned on Graffort and claimant.

A scuffle ensued resulting in permanent damage to claimant's left eye which ultimately necessitated its removal.

The referee found that claimant was not an employee. On appeal the Labor and Industrial Relations Commission affirmed the referee's award. The claimant appealed to the Circuit Court which affirmed the Labor and Industrial Relations Commission. Although claimant cites as error numerous actions of the trial court, the Labor and Industrial Relations Commission and Workmen's Compensation referee; basically, the issue presented is a simple one, i. e.: Was claimant an employee within the meaning of the Workmen's Compensation Act at the time of his injury on October 29, 1973? The answer is no.

 Claimant is correct in maintaining that the ultimate resolution of the existence of the employer/employee relationship (or lack thereof) is a question of law reviewable by this court. *Saxton v. St. Louis Stair Co.,* 410 S.W.2d 369[3] (Mo.App.1966). As such, we are not absolutely bound by the Commission's finding on this issue and may review the record in its entirety, but we will not set aside the Commission's judgment unless there is no substantial competent evidence to support it, or unless its findings are clearly contrary to the overwhelming weight of the evidence. *Ferguson v. Hood,* 541 S.W.2d 19[1] (Mo.App.1976); *Webb v. Norbert Markway Const. Co.,* 522 S.W.2d 611[3] (Mo.App.1975); *Roux v. Dugal's Big Star Food Store,* 510 S.W.2d 810[2–3] (Mo. App.1974).

 Although ascertaining whether one is an employee is indeed a question of law, such a determination is necessarily predicated upon certain findings of fact. The necessary factual findings were twofold: First, that claimant was "in the service" of the Sheriff's Department, and that said service was "controllable." *Saxton,* supra.[1]

Claimant admitted that no member of the Sheriff's Department, with or without authority, so much as intimated to claimant that he was rehired in any capacity whatsoever. Chief Deputy Sheriffs Mahfood and Linton each testified that such was the case, as did Deputies Graffort and Davis. Claimant himself testified that no one gave him the impression by their words or actions that they exercised any degree of control over his person or activities. This evidence was undisputed. The most their collective actions indicate was an acquiescence to claimant's visits in order that he might visit friends and renew old acquaintances. This does not constitute the degree of control required to establish an appointment or election as contemplated by the courts of this state. *Orphant,* supra; *Saxton,* supra.

After having reviewed the entire record, it does not appear that the Commission's judgment had no substantial evidence to support it nor were its findings clearly contrary to the overwhelming weight of the evidence.

The judgment of the circuit court affirming the final award of the Commission denying compensation is affirmed.

GUNN and CRIST, JJ., concur.

---

1. Furthermore, *Orphant v. St. Louis State Hospital,* 441 S.W.2d 355 (Mo.1969) recognizes that one need not be a party to an express or implied contract, but may be deemed an employee if he performs this "service" either by "appointment or election." The *Orphant* court stated at page 360, "We have no hesitancy in ruling that as a volunteer dance therapist, claimant was occupying a position of trust at the St. Louis State Hospital and *that she was designated as such by the person having authority therefor, namely, the Supervisor of Volunteer Services for the hospital."* (Emphasis added).