**Leslie W. GOLETZ, Petitioner,**

v.

**MESA COUNTY VALLEY SCHOOL DISTRICT NO. 51, Transportation Insurance Company, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 90CA0618.**

Colorado Court of Appeals,
Div. II.

April 11, 1991.

Rehearing Denied May 9, 1991.

Certiorari Granted Aug. 5, 1991.

Elder & Phillips, P.C., Walter J. Phillips, Mary Frances McCracken, Grand Junction, for petitioner.

Blackman & Levine, Lawrence D. Blackman, Barbara S. Henk, Denver, for respondents Mesa County Valley School Dist. No. 51 and Transp. Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, First Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge JONES.

Leslie W. Goletz, petitioner, seeks review of the final order of the Industrial Claim Appeals Office (Panel) ruling that he was not an employee covered by the Workers' Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl. Vol. 3B). He contends that his services as an unpaid volunteer assistant baseball coach for the respondent school district made him an employee under § 8–41–106(1)(a)(I)(A), C.R.S. (1986 Repl. Vol. 3B) (now codified as § 8–40–202(1)(a)(I)(A), C.R.S. (1990 Cum. Supp.)). We agree and set aside the Panel's order.

Petitioner, a former high school and college baseball player, was interested in coaching as a career. In the spring of 1988, he approached the head coach of the Grand Junction Central High School baseball team to volunteer his services as a pitching coach. The head coach accepted petitioner's offer and told him he would receive no pay. The team had one other unpaid assistant coach, who was also a teacher at the high school. That coach served under a written "zero dollar" contract with the school district. Such "zero dollar" contracts are written contracts which set forth the duties of a volunteer, but indicate that no salary will be paid for services performed by the volunteer. The head coach did not have petitioner sign a "zero dollar" contract.

Petitioner attended practices and games when his work schedule permitted and worked with the team's pitchers. Petitioner was standing in the dugout during a game when he was struck in the face by a foul ball and injured. The Administrative Law Judge and the Panel both concluded that petitioner was not an employee as defined by § 8–41–106(1)(a)(I)(A), and denied his workers' compensation claim.

Section 8–41–106(1)(a)(I)(A) provides that "employee" means "[e]very person in the service of ... any ... school district ... or of any public institution or administrative board thereof under *any appointment or contract of hire, express or implied.*" (emphasis added) Section 8–41–106(1)(b), defining private employee, is narrower. It provides that "employee" means every person in the service of another person, company, or corporation "under *any contract of hire,* express or implied."

An unpaid volunteer in the service of a private entity cannot be an employee because there is no contract of hire. *See Hall v. State Compensation Insurance Fund,* 154 Colo. 47, 387 P.2d 899 (1963). An unsalaried person in the service of a public entity, however, maybe an employee under the Workers' Compensation Act. *Lyttle v. State Compensation Insurance Fund,* 137 Colo. 212, 322 P.2d 1049 (1958) (chairman of State Game and Fish Commission). *See State Compensation Insurance Fund v. Keane,* 160 Colo. 292, 417 P.2d 8 (1966) (deputy sheriff). The sole issue, thus, is whether service as an assistant pitching coach was under "appointment" as that term is used in § 8–41–106(1)(a)(I)(A).

"Appointment" is defined as the "designation of a person, by the person having authority therefor, to discharge the duties of some office or trust." *In re Nicholson's Estate,* 104 Colo. 561, 93 P.2d 880 (1939). *See Black's Law Dictionary* 91 (5th ed.

1979); *Webster's Third New International Dictionary* 105 (1981).

We conclude that the Panel applied too narrow a construction of the term "appointment." The facts found by the Administrative Law Judge establish that the head coach had the authority to and did appoint petitioner to the "office" of assistant pitching coach. Petitioner was therefore in the service of the school district under an appointment. *See Stegeman v. St. Francis Xavier Parish,* 611 S.W.2d 204 (Mo.1981) (unpaid church volunteer is an employee under an "appointment"); *Orphant v. St. Louis State Hospital,* 441 S.W.2d 355 (Mo. 1969) (unpaid hospital volunteer is an employee under "appointment").

Finally, we note that the record discloses that petitioner had not been "excluded" by the school district from being an employee for purposes of § 8–40–202(1)(a)(I)(A). *See* § 8–40–202(1)(a)(I)(B), C.R.S. (1990 Cum. Supp.).

The order is set aside and the cause is remanded to the Panel for further proceedings consistent with the view expressed in this opinion.

SMITH and RULAND, JJ., concur.